Milton C. Grimes, Esq. (SBN 59437)
 *miltgrim@aol.com*
Iverson Matthew Jackson, Esq. (SBN 276541)
 *mattj57@hotmail.com*
**LAW OFFICES OF MILTON C. GRIMES**
3774 West 54th Street
Los Angeles, CA 90043
Telephone: (323) 295-3023
Fax: (323) 295-3708

Attorneys for Plaintiff ANTHONY BROWN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ANTHONY BROWN, | **Case No.:** 2:15-cv-02162 |
| Plaintiff, | **COMPLAINT** |
| | **DEMAND FOR JURY TRIAL** |
| vs. | 1. Cruel and Unusual Punishment, 42 U.S.C. §§ 1983, 1988; |
| COUNTY OF LOS ANGELES, SHERIFF LEROY D. BACA, UNDERSHERIFF PAUL TANAKA, CAPTAIN WILLIAM CAREY, LIEUTENANT GREGORY THOMPSON, LIEUTENANT STEPHEN LEAVINS, SERGEANT SCOTT CRAIG, SERGEANT MARCIELLA LONG, DEPUTY GERARD SMITH, DEPUTY MICKEY MANZO, DEPUTY JAMES SEXTON, individually and in their official capacities, and DOES 1 through 10, inclusive, | 2. Municipal and Supervisory Liability, 42 U.S.C. §§ 1983, 1988; |
| | 3. Failure to Provide Adequate Medical Care, 42 U.S.C. §§ 1983, 1988; |
| | 4. Retaliation, 42 U.S.C. §§ 1983, 1988; |
| | 5. Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; and |
| | 6. Civil Conspiracy under Federal Law, 42 U.S.C. §§ 1983, 1988. |
| Defendants. | |

# COMPLAINT

Plaintiff ANTHONY BROWN ("Plaintiff"), for his Complaint against Defendants COUNTY OF LOS ANGELES ("LA County"), SHERIFF LEROY D. BACA ("Sheriff Baca"), UNDERSHERIFF PAUL TANAKA ("Undersheriff Tanaka"), CAPTAIN WILLIAM CAREY ("Cpt. Carey"), LIEUTENANT GREGORY THOMPSON ("Lt. Thompson"), LIEUTENANT STEPHEN LEAVINS ("Lt. Leavins"), SERGEANT SCOTT CRAIG ("Sgt. Craig"), SERGEANT MARCIELLA LONG ("Sgt. Long"), DEPUTY GERARD SMITH ("Deputy Smith"), DEPUTY MICKEY MANZO ("Deputy Manzo"), DEPUTY JAMES SEXTON ("Deputy Sexton"), individually and in their official capacities, and DOES 1 through 10, inclusive (collectively referred to herein as "Defendants"), alleges as follows:

## JURISDICTION AND VENUE

1. This Complaint is asserted by Plaintiff ANTHONY BROWN, for compensation for:

   a. FIRST CAUSE OF ACTION: For the violation by Defendants of Plaintiff's rights secured by the Eighth Amendment to the United States Constitution to be free from Cruel and Unusual Punishment, pursuant to 42 U.S.C. §§ 1983, 1988;

   b. SECOND CAUSE OF ACTION: For Municipal and Supervisory Liability under Federal Law, pursuant to 42 U.S.C. §§ 1983, 1988;

   c. THIRD CAUSE OF ACTION: For Failure to Provide Adequate Medical Care, pursuant to 42 U.S.C. §§ 1983, 1988;

   d. FOURTH CAUSE OF ACTION: For Retaliation in Violation of the First Amendment to the United States Constitution, pursuant to 42 U.S.C. §§ 1983, 1988;

   e. FIFTH CAUSE OF ACTION: For violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.*; and

f.   SIXTH CAUSE OF ACTION: For Civil Conspiracy under Federal Law, pursuant to 42 U.S.C. §§ 1983, 1988.

2.   This Court has jurisdiction over Plaintiff's Federal Civil Rights claims under 42 U.S.C. §§ 1983, 1988, 29 U.S.C. § 701 et seq., 42 U.S.C. § 12131 et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and the Eighth Amendment to the United State's Constitution. Further, California Code of Civil Procedure Section 352.1(a) tolls the statute of limitations of Plaintiff's claims herein, due to his incarceration, for an additional two (2) years.  See, CCP 352.1(a); *Ontiveros v. Los Angeles County*, 611 F.Supp.2d 1090 (2009); *Carlson v. Blatt*, 87 Cal.App.4th 646 (2001).

3.   Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because: (i) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (ii) Defendants reside within this judicial district.

## PARTIES

4.   The true names and capacities of the defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues them under these fictitious names.  Plaintiff will amend this complaint to add their true names and capacities when they become known.

5.   As alleged more fully below, this Complaint arises out of the cruel and unusual punishment and treatment of Plaintiff ANTHONY BROWN in and around August and September 2011, which was perpetrated by Defendant COUNTY OF LOS ANGELES peace officer(s) under the color of law.

6.   Prior to and during September 2011, and at all relevant times herein, Plaintiff ANTHONY BROWN is/was an individual and was in the custody of the Los Angeles Sheriff's Department located in Los Angeles County, California.  Plaintiff suffered, and continues to suffer, from several serious medical conditions, including diabetes, coronary artery disease and hypertension.  His chronic illnesses were well known and documented in his records within the jails.

7.     Prior to and during September 2011, and at all relevant times herein, Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, were law enforcement officers, peace officers, officers, agents and employees of Defendant COUNTY OF LOS ANGELES acting within the course and scope of such agency and/or employment, and under color of law.  Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, are being sued in their official and individual capacities.

8.     Prior to and during September 2011, and at all relevant times herein, Defendants, COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka, the Los Angeles Sheriff's Department ("LASD"), and its employees, agents, supervisors, managers and/or representatives, DOES 1 through 10, inclusive, were deliberately indifferent, reckless, negligent and/or careless with respect to the hiring, training, supervision and discipline of Defendants, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive.  As an actual, legal and proximate result of said Defendants' deliberate indifference, recklessness, negligence and carelessness: (a) Plaintiff was sequestered in isolation; (b) subjected to cruel and unusual punishment by the unreasonable use of excessive force, intimidation, coercion, threats, and solitary confinement; and (c) Plaintiff suffered the damages alleged herein.  Defendants, DOES 1 through 10, inclusive, who are employees, agents, supervisors, managers and/or representatives of Defendant COUNTY OF LOS ANGELES and the Los Angeles Sheriff's Department, are being sued in their official and individual capacities.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

9.     In and/or around August and September 2011, while in the custody of the Los Angeles Sheriff's Department's jail facilities, including but not limited to the Men's

Central Jail, 441 Bauchet Street, Los Angeles, California 90012 ("MCJ"), Twin Towers Correctional Facility, 450 Bauchet Street, Los Angeles, California 90012 ("TTCF") and San Dimas Station, 270 S. Walnut Ave., San Dimas, California 91773 ("SDS"):

a. Defendants learned that Plaintiff was cooperating and participating as an informant for the United States Department of Justice, Federal Bureau of Investigation ("FBI") during its investigation into corruption and abuse by LASD deputies operating in the LASD jails. As soon as Defendants became aware of Plaintiff's cooperation with the FBI's investigation, they conspired to retaliate against Plaintiff for his participation as an informant and obstruct that investigation by intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably hiding and/or kidnapping Plaintiff in the jail system under fictitious identities, covertly moving him about and throughout the LASD's jail system, and unreasonably kept him in isolation without cause.

b. Defendants intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably intimidated, threatened and used excessive force, physical harm and mental distress, by refusing to provide adequate medical care to Plaintiff for his serious medical condition(s), including but not limited to his coronary artery disease, diabetes and hypertension, to interrogate and obtain information from Plaintiff concerning the LASD's employees' unlawful conduct that he witnessed and reported to the FBI as an informant in furtherance of the FBI's investigation. During this time, Plaintiff was in dire fear for his life that Defendants would carry out a threat on his life or order/allow other jail inmates/gangs to kill Plaintiff because Defendants told him, "No witness, no conviction."

c. Defendants exacerbated Plaintiff's isolation and emotional distress in an effort to further obstruct the FBI's investigation by intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably lying and

making threats to Plaintiff that, due to Defendants' hiding of Plaintiff and the FBI being unable to find him, that the FBI had abandoned him as an informant, kept him in his isolation and moved him about and throughout the jail system so that he could not be found.

d. Defendants Sheriff Baca and Undersheriff Tanaka were aware, privy to and/or ordered Defendants to sequester Plaintiff in what is and/or was known as "Operation Pandora's Box" within the LASD.  Further, Defendants kept Sheriff Baca and Undersheriff Tanaka informed on the progress with regards to the operation as it unfolded and had knowledge of Plaintiff's unlawful treatment throughout the duration of the operation.

e. Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to prevent Defendants from unreasonably subjecting Plaintiff to cruel and unusual punishment, inadequate medical care, retaliation and discrimination.

10.    As an actual, legal and proximate result of the aforementioned intentional, deliberately indifferent, reckless, negligent and unreasonable acts and omissions of Defendants, and each of them, Plaintiff suffered and incurred damages, including, but not limited to, pain and suffering, mental and emotional distress, as a result of the unlawful and/or unreasonable cruel and unusual punishment in violation of the Eighth Amendment.

**FIRST CAUSE OF ACTION**

**Violation of Plaintiff's Rights Secured by the Eighth Amendment to Be Free from Cruel and Unusual Punishment, Pursuant to 42 U.S.C. §§ 1983, 1988.**

**[Against All Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive.]**

11.    Plaintiff realleges and incorporates by reference paragraphs 1 through 10, inclusive, as though fully set forth herein.

12.    Plaintiff asserts this First Cause of Action for Defendants' violation of Plaintiff's rights secured by the Eighth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988.

13.    In and/or around August and September 2011, at several of the LASD's jails, Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably subjected Plaintiff to cruel and unusual punishment by intentionally and/or unreasonably subjecting Plaintiff to isolation without adequate medical care for his chronic illnesses, excessive force, physical harm, harassment and mental anguish and distress.  At the order, direction, oversight and supervision of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, and Sgt. Long, Defendants moved Plaintiff through different cells and jailhouse locations in an attempt to sequester Plaintiff from participating as an informant for the FBI during the FBI's investigation into corruption and abuse in LASD's jails. Defendants intentionally intimidated, physically abused, harassed, tormented and tortured Plaintiff, in addition to unreasonably isolating him, to obtain information Plaintiff knew about the investigation, the corruption and abuse, and any information that he disclosed to FBI officials about the misconduct in their department.

14.    Defendants intentionally, recklessly, deliberately indifferently, and/or negligently and unreasonably failed and refused to intervene or make any effort to stop or prevent Defendants from subjecting Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment.

15.    As an actual, legal and proximate result of the intentional, deliberately indifferent, reckless, unreasonable, negligent and otherwise wrongful conduct of Defendants, and each of them, Plaintiff was kidnapped, sequestered, hidden, physically abused and mentally tortured in LASD jails.

16.    In engaging in the conduct alleged above, Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, unreasonably and/or unlawfully employed cruel and unusual punishment on Plaintiff.

17.    Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka, and DOES 1 through 10, inclusive, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and/or supervision with respect to the unlawful and unreasonable cruel and unusual punishment of Plaintiff.

18.    The above-alleged conduct of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, was consistent with the directives, orders, training, policies, customs and practices set forth by Defendant COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka, and Defendants DOES 1 through 10, inclusive, concerning the unlawful and unreasonable cruel and unusual punishment of persons such as Plaintiff.  Defendants' unlawful conduct was ordered, directed and/or ratified by Defendant COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive.

19.    Defendant COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive, and each of them, knew or should have known that Defendants' directives, orders, training, policies, customs, and/or practices regarding the unlawful and unreasonable cruel and unusual punishment of persons such as Plaintiff were so inadequate that it was obvious that a failure to correct them would result in future incidents of unreasonable cruel and unusual punishment.

20.   At all relevant times herein, Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive, ordered, directed, authorized and/or acquiesced in the aforementioned policies, customs, practices, training and/or supervision and the commission of the type of acts by its officers similar to those which are alleged herein to have caused the injuries to Plaintiff.  Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said policies, customs, practices, training and/or supervision, thereby causing the damages alleged herein.

21.   Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378 (1989), are liable for all injuries sustained by Plaintiff as set forth herein.

22.   Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive, were objectively deliberately indifferent to the practice of subordinates, officers, employees and/or agents of the Los Angeles Sheriff's Department of employing cruel and unusual punishment to persons such as Plaintiff.

23.   Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, had actual and/or constructive knowledge that it was the policy, practice or custom of subordinates, officers, employees and/or agents of Defendant COUNTY OF LOS ANGELES to employ cruel and unusual punishment to persons such as Plaintiff.

24.   The above described policies, customs, practices, training and/or supervision of Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and Defendants DOES 1 through 10, inclusive, demonstrate a deliberate indifference on the part of policymakers of Defendant COUNTY OF LOS ANGELES to the constitutional

rights of persons within their jurisdiction, including Plaintiff, and were the driving force and cause of the violations of Plaintiff's rights alleged herein.

25.    By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff was deprived, under color of law, of his right guaranteed by the Eighth Amendment to the United States Constitution to be free from cruel and unusual punishment.

26.    As a direct and proximate result of the acts of Defendants, Plaintiff suffered injury, and thus Plaintiff seeks and is entitled to recover, general and special damages, including but not limited to physical, mental and emotional pain, agony and suffering, in an amount according to proof at trial.

27.    The aforementioned conduct of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, was done maliciously, oppressively and in conscious disregard for the rights and safety of Plaintiff, such that an award of exemplary and punitive damages should be imposed against individual Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, in an amount to be proven at trial.

28.    Plaintiff is entitled to recover his attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## SECOND CAUSE OF ACTION
### Municipal and Supervisory Liability, Pursuant to 42 U.S.C. §§ 1983, 1988.
### [Against Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive.]

29.    Plaintiff realleges and incorporates by reference paragraphs 1 through 28, inclusive, as though fully set forth herein.

30.     In and/or around August and September 2011, Defendants, COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, deprived Plaintiff ANTHONY BROWN of the rights and liberties secured to him by the Eighth and Fourteenth Amendments to the United States Constitution, in that said defendants and their supervising and managerial employees, agents, and representatives, acted intentionally, with gross negligence, and with reckless and deliberate indifference to the safety, rights, and liberties of Plaintiff ANTHONY BROWN, and of persons in his class, situation and comparable position, in particular, by knowingly maintaining, hiring, condoning, ratifying and/or authorizing:

     a.  a custom, policy, and practice of promulgating unlawful police tactics within its jails and facilities against individuals, such as Plaintiff, in contravention of the Eighth Amendment;

     b.  failing to prohibit the practice of promulgating unlawful police tactics within its jails and facilities against individuals, such as Plaintiff;

     c.  failing to institute appropriate policies, regarding constitutional procedures and practices for prohibiting cruel and unusual punishment, inadequate medical care, and discrimination of individuals, such as Plaintiff;

     d.  employment and retention as law enforcement officers and other personnel, including Defendants, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, who Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, at all times material herein, knew or reasonably should have known had propensities for abusing their authority and for mistreating citizens by failing to follow written Los Angeles Sheriff's Department policies;

     e.  inadequately supervising, training, controlling, assigning, and/or disciplining Los Angeles Sheriff's Department deputies, and other personnel, including Defendants, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins,

Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, who Defendants Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, each knew or in the exercise of reasonable care should have known had the aforementioned propensities, character traits and conduct; and/or

f.  maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and/or controlling the intentional misconduct by Defendants, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, who are Los Angeles Sheriff's Department deputies, peace officers and/or employees.

31.  Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the propensities, character and conduct of Defendants, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, alleged in the paragraphs above.  Despite having knowledge as stated above, these Defendants condoned, tolerated and/or, through actions and inactions, thereby ratified such policies, customs and/or practices.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these actions or inactions with respect to the constitutional rights of Plaintiff ANTHONY BROWN and other individuals similarly situated.

32.  By perpetrating, sanctioning, tolerating and/or ratifying the outrageous conduct and other wrongful acts, Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiff ANTHONY BROWN.  Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, and each of their actions

or inactions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

33.   This unconstitutional policy, practice or custom of promulgating unlawful police tactics within its jails and facilities against individuals, such as Plaintiff, is evidenced by prior citizen complaints, claims, and/or lawsuits, including, but not limited to:

a.   *USA v. Gregory Thompson, et al.*, United States District Court, Central District of California, Case No. CR-13-00819, in which defendants are criminally charged with violating 18 U.S.C. § 371, conspiracy, 18 U.S.C. § 1503(a), obstruction of justice, and 18 U.S.C. § 1001, false statement.  In this case it is alleged that defendants committed, condoned and/or promoted conduct in which sheriff's deputies would abuse civil rights, such as deputies using excessive force on inmates in jail and public corruption offenses, such as deputies smuggling contraband into jails in exchange for bribes.  Thus far, six (6) sheriff's deputies have been convicted of the charges;

b.   In the *34th Semi Annual Report of Special Counsel, Los Angeles Sheriff's Department*, August 2014, the report highlights corruption of deputies exposed by the FBI and, a tendency in the Baca-Tanaka years to turn a blind eye to such misconduct in their department.

c.   In the *Report of the Citizens' Commission on Jail Violence*, dated September 28, 2012, the report discusses Sheriff Baca's reluctance to entertain "bad news" from department managers that fosters an environment where problem deputies or bad conduct can thrive without recourse.  It also discusses the widely known and fostered "code of silence" issue amongst deputies that supports, rather than eliminates or disciplines, problem deputies or bad conduct.

d. In a September 2011 report by the American Civil Liberties Union ("ACLU") National Prison Project and ACLU of Southern California titled *Cruel and Usual Punishment: How a Savage Gang of Deputies Controls LA County Jails*, the ACLU documented numerous accounts of deputy excessive force and deputy authorized attacks by inmates against other inmates in LASD jails, specifically the Men's Central Jail and Twin Towers Correctional Facility.  This report was supported by accounts of witness declarations from other LASD deputies, inmates and civilians.

a. As early as July 1992, *The Kolts Report* sets forth the same issues of policy, custom and practice of supervisors facilita*ting the "code of* silence" and approving or ratifying, by failing to discipline, sheriff deputies' conduct in violating the civil rights of individuals.

34.   Despite having knowledge, direct, constructive or otherwise, of the unlawful custom, policy, and/or practice of deputies employing cruel and unusual punishment, excessive force and other unlawful police tactics in its jails and facilities against individuals, Defendants condoned, tolerated and/or through actions and/or inactions thereby ratified such conduct against individuals, including Plaintiff.  Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

35.   By perpetrating, sanctioning, tolerating and/or ratifying the outrageous conduct and other wrongful acts, Defendants COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, acted with an intentional, reckless, and callous disregard for the safety and constitutional rights of Plaintiff. Defendants Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, and each of their actions were willful, wanton, oppressive, malicious, fraudulent, and extremely offensive and unconscionable to any person of normal sensibilities.

36.    By reason of the aforementioned deficient policies and practices of Defendants, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, Plaintiff suffered extensive physical and mental damages and other harm.

37.    The policies, practices, and/or customs implemented, maintained and tolerated by Defendants, COUNTY OF LOS ANGELES, Sheriff Baca, Undersheriff Tanaka and DOES 1 through 10, inclusive, were affirmatively linked to and were a significantly influential driving force behind the damages incurred by Plaintiff.

38.    Plaintiff is entitled to recover his attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## THIRD CAUSE OF ACTION

**Failure to Provide Adequate Medical Care, Pursuant to 42 U.S.C. §§ 1983, 1988. [Against Defendants Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive.]**

39.    Plaintiff realleges and incorporates by reference paragraphs 1 to 38, inclusive, as though fully set forth herein.

40.    In and/or around August and September 2011, Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, while working as peace officers for Defendant COUNTY OF LOS ANGELES, and acting within the course and scope of their duties, had custody of Plaintiff in LASD's jailhouse facilities.

41.    Defendants, at the order, direction, oversight and/or supervision of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, intentionally denied or delayed Plaintiff's access to adequate medical care or intentionally interfered with the course of his medical treatment once prescribed for Plaintiff, while he was sequestered and secreted in the LASD jails despite knowing, being

aware of or having constructive knowledge of Plaintiff's chronic medical conditions, including but not limited to diabetes, coronary artery disease and hypertension, because Defendants took him from the medical ward or jail hospital when it was discovered that he was an informant for the FBI.  Additionally, Plaintiff's medical records which contained information about his chronic illnesses, including but not limited to diabetes, coronary artery disease and hypertension, was maintained as a part of his records jacket or other inmate records that were accessible to Defendants.  Furthermore, while Defendants sequestered Plaintiff and subjected him to torment, harassment, cruel and unusual punishment, and physical and mental abuse, he pleaded with Defendants to provide him with medications, medical care and assistance for his chronic illnesses, but defendants refused and/or failed to provide Plaintiff with adequate medical care.

42.     Defendants' failure to provide or obtain adequate medical care for Plaintiff in light of the obvious and serious nature of his chronic illnesses constituted violations of Plaintiff's rights under the Eighth Amendment to the United States Constitution.

43.     As a result of Defendants' failure to provide adequate medical care, Defendants caused Plaintiff to suffer pain and suffering, emotional distress, mental anguish, disability, and damages according to proof at the time of trial.

44.     Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, are liable for Plaintiff's damages because they were integral participants to the denial of medical care by ordering that Plaintiff be sequestered and/or had knowledge, direct, constructive or otherwise, of Plaintiff's condition and treatment and failed to intervene.

45.     The conduct of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ANTHONY BROWN, justifying an award of exemplary and punitive damages.

46.     Plaintiff is entitled to recover his attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## FOURTH CAUSE OF ACTION

**Retaliation in Violation of Plaintiff's Rights Secured by the First Amendment to Be Free from Cruel and Unusual Punishment under Federal Law, Pursuant to 42 U.S.C. §§ 1983, 1988.**

**[Against Defendants Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive.]**

47.     Plaintiff realleges and incorporates by reference paragraphs 1 to 46, inclusive, as though fully set forth herein.

48.     Plaintiff asserts this Fourth Cause of Action for Retaliation in violation of his First Amendment rights in asserting his freedom of speech and/or to petition the government for a redress of grievances.

49.     In and/or around August and September 2011, Defendants became aware that Plaintiff was a cooperating informant for the FBI during its investigation into the corruption and abuse of authority by LASD deputies in the jails.  As soon as Defendants obtained this information, they secreted and sequestered Plaintiff from the official records of the LASD jail, physically and unreasonably moved him about the jails and kept him in isolation without adequate medical care, and harassed, physically abused, mentally tormented and tortured Plaintiff in an effort to extract what he learned about the corruption and misconduct of deputies in the jails and what he reported to the FBI, while operating as an informant, in retaliation for his cooperation and participation as an FBI informant.

50.     The motivating factor behind Defendants' unlawful conduct towards Plaintiff was Plaintiff's cooperation and participation as an informant in the FBI's investigation. As further evidence of Defendants' purpose in retaliation for his cooperation and

participation as an informant for the FBI, Defendants harassed, intimidated, coerced and threatened other FBI informants and Plaintiff's handler who was an FBI agent assigned to the FBI's investigation into the corruption and abuse of authority being perpetrated by LASD deputies in the jails.  At all relevant times herein, defendants acted under color of law, and in their individual and official capacities.

51.   Defendants' retaliatory action advanced no legitimate penological interest. Defendants' intended to thwart and/or terminate Plaintiff's participation as an FBI informant by sequestering him in the jail system under false identities, and threatening him by informing him that the FBI had abandoned him.  However, the FBI had lost contact with Plaintiff only due to Defendants' conduct in hiding him within the jail system.  Further, Defendants directly told Plaintiff, "No witness, no conviction," inferring that if he disappeared there could be no conviction of LASD deputies in federal court, in reference to the FBI investigation while sequestering him within the LASD jails.

52.   Defendants' retaliatory conduct constituted violations of Plaintiff's rights under the First Amendment to the United States Constitution.

53.   As a result of Defendants' retaliatory conduct, Defendants caused Plaintiff to suffer pain and suffering, emotional distress, mental anguish, disability, and damages according to proof at the time of trial.

54.   Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, are liable for Plaintiff's damages because they were integral participants in retaliating against Plaintiff.

55.   The conduct of Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Plaintiff ANTHONY BROWN, justifying an award of exemplary and punitive damages.

56. Plaintiff is entitled to recover his attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

### FIFTH CAUSE OF ACTION
### Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.
### [Against All Defendants COUNTY OF LOS ANGELES, and
### DOES 1 through 10, inclusive.]

57. Plaintiff realleges and incorporates by reference paragraphs 1 to 56, inclusive, as though fully set forth herein.

58. Plaintiff asserts this Fifth Cause of Action for violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., pursuant to 42 U.S.C. § 1988.

59. At all relevant times herein, Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive, received federal financial assistance within the meaning of 29 U.S.C. § 794(a).

60. At all relevant times herein, Plaintiff was a person with a "disability" within the meaning of 29 U.S.C. § 705(9)(B) because he suffered from physical impairments, including but not limited to diabetes, coronary artery disease, hypertension, and/or other physical illnesses, that substantially limited one or more of his major life activities.

61. At all relevant times herein, Plaintiff was an "individual with a disability" within the meaning of 29 U.S.C. § 705(20)(B) because: (a) he suffered from physical impairments, including but not limited to diabetes, coronary artery disease, hypertension, and/or other physical illnesses, that substantially limited one or more of his major life activities; (b) had a record of such impairment; and/or (c) was regarded as having such an impairment.

62. At all relevant times herein, Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive, constituted "programs or activities" within the meaning of 29 U.S.C. § 794(b) in that said Defendants (i) were instrumentalities of state or local

government, and (ii) provided the program and activity of maintaining a person in custody, such as Plaintiff, who was a pretrial detainee or an inmate.

63.     At all relevant times herein, Plaintiff was otherwise qualified, with or without reasonable accommodation, within the meaning of 29 U.S.C. § 794(a), to participate in the programs and activities of Defendants COUNTY OF LOS ANGELES, and DOES 1 through 10, inclusive. Such programs and activities included being safely and appropriately maintained in custody as a pretrial detainee or an inmate.

64.     At all relevant times herein, in engaging in the conduct alleged above, Defendants and each of them, discriminated against Plaintiff, within the meaning of 29 U.S.C. § 794(a), with regard to their services, programs, and activities.  Defendants violated Plaintiff's federally guaranteed right to be free from discrimination on the basis of a disability by: (a) failing to make reasonable modifications to their policies, practices and procedure to ensure that his adequate medical needs as an individual with a disability would be met; (b) failing to train or discipline the individual defendants, Defendants Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, with respect to safely and appropriately maintaining custody of a person, such as Plaintiff, who was a pretrial detainee or inmate. Said discrimination was: (a) because of Plaintiff's disability; (b) due to Plaintiff's cooperation and participation as an FBI informant; and (c) consisted of being deliberately indifferent to Plaintiff's rights in that Defendants knew that harm to Plaintiff's federally protected rights was substantially likely, and failed to act upon that likelihood.

65.     As a direct and proximate result of the acts of Defendants, Plaintiff suffered, and thus Plaintiff seeks and is entitled to recover, general and special damages, including but not limited to general and special damages, mental and emotional pain, shock, agony and suffering in an amount according to proof at trial.

66.     Plaintiff is entitled to recover their attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## SIXTH CAUSE OF ACTION

### Civil Conspiracy under Federal Law, Pursuant to 42 U.S.C. §§ 1983, 1988.
### [Against Defendants Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive.]

67.     Plaintiff realleges and incorporates by reference paragraphs 1 to 66, inclusive, as though fully set forth herein.

68.     Plaintiff asserts this Sixth Cause of Action for Conspiracy under federal law to violate his Civil Rights.

69.     Defendants, Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, entered into a civil conspiracy and agreement, to violate the civil rights of Plaintiff, by engaging in the conduct, acts and omissions alleged herein by unlawfully sequestering Plaintiff in isolation, by subjecting him to cruel and unusual punishment, failing and/or refusing to provide adequate medical care, and discriminating against him on the basis of his disability in and/or around August and September 2011. In addition to the conduct alleged above, said conspiracy and agreement is evidenced by the fact, inter alia, that said Defendants: (a) ordered, directed, supervised, authorized, aided, abetted, approved, ratified and/or deliberately and knowingly failed, refused and/or refrained from intervening in or stopping the wrongful conduct alleged herein; and/or (b) engaged in conduct alleged herein that was unlikely to have been undertaken without an agreement.  None of the individually named defendants would have unreasonably violated Plaintiff's constitutional rights but for an agreement with the other individually named defendant(s).

70.     Defendants Sheriff Baca, Undersheriff Tanaka, Cpt. Carey, Lt. Thompson, Lt. Leavins, Sgt. Craig, Sgt. Long, Deputy Smith, Deputy Manzo, Deputy Sexton, and DOES 1 through 10, inclusive, are legally responsible for, and indeed proximately and legally

caused, the damages alleged herein for the reasons alleged above and incorporated herein by reference.

## ATTORNEYS' FEES AND COSTS

71.     Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks damages as follows:

a.  General damages – In an amount to be proven at trial;

b.  Special damages – In an amount to be proven at trial;

c.  Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

d.  An award of prejudgment interest;

e.  An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a);

f.  Attorney's fees and costs of suit incurred herein; and

g.  For such other and further relief as the Court deems just and proper.

## PLAINTIFF DEMANDS A TRIAL BY JURY

Dated: March 24, 2015                    **LAW OFFICES OF MILTON C. GRIMES**


By: _____

One of the Attorneys for Plaintiff

ANTHONY BROWN