1  ANTHONY BROWN SR.
2  P.O. BOX 409060
3  IONE, CA 95640
4  In Pro-Per

FILED
CLERK, U.S. DISTRICT COURT
OCT 30 2018
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

7          UNITED STATES DISTRICT COURT
8          CENTRAL DISTRICT OF CALIFORNIA

11  ANTHONY BROWN                      CASE NO: CV 15-2162 DDP (FFMX)
12              PLAINTIFF              PLAINTIFF'S OBJECTION TO
                                       THE MAGISTRATE JUDGE'S
13         -VS-                        FINAL REPORT AND ;
                                       RECOMMENDATION
14  COUNTY OF LOS ANGELES, et al.
15              DEFENDANTS

18     TO THE HONORABLE JUDGE DEAN D. PREGERSON,
19  ALL PARTIES, AND ALL ATTORNEYS OF RECORD :
20     PLAINTIFF ANTHONY BROWN HEREBY SUBMIT THE
21  FOLLOWING OBJECTION TO THE MAGISTRATE JUDGE'S
22  FINAL REPORT AND RECOMMENDATION REGARDING THE
23  DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS
24  FILED ON JANUARY 11, 2017

26  DATED : OCTOBER 13, 2018        BY:

                                    ANTHONY BROWN
                                    PRO-SE DEFENDANT
                                    PAGE 1 OF 13

## MEMORANDUM OF POINTS AND AUTHORITIES

I. BACKGROUND

DEFENDANTS FILED THEIR JOINT NOTICE OF MOTION AND MOTION FOR JUDGMENT ON THE PLEADINGS ON JANUARY 11, 2017 (DOCKET 55) IN WHICH THE DEFENDANTS ARGUE THE FOLLOWING:

- ALL OF PLAINTIFF'S CLAIMS ARE GOVERNED BY A TWO YEAR STATUTE OF LIMITATIONS.

- BECAUSE PLAINTIFF FILED HIS LAWSUIT ALMOST FOUR YEARS AFTER HIS CLAIMS ACCRUED, HIS ACTION IS BARRED AS UNTIMELY. AND:

- TOLLING DOES NOT APPLY TO SAVE PLAINTIFF'S CLAIMS BECAUSE HE IS SERVING THE EQUIVALENT OF A LIFE SENTENCE. [DOCKET 55]

ON JULY 9, 2018 U.S MAGISTRATE JUDGE FREDERICK F. MUMM ISSUED HIS REPORT & RECOMMENDATION IN WHICH THE MAGISTRATE'S R&R STATED PLAINTIFF'S CLAIMS ARE TIME-BARRED. (1) THIS ACTION IS UNTIMELY (2) PLAINTIFF IS NOT ENTITLED TO TOLLING UNDER SECTION 352.1. THEREFORE, THE ACTION IS UNTIMELY. THE COURT RECOMMENDS THE MOTION BE GRANTED AND PLAINTIFF'S CLAIMS AGAINST COUNTY OF LOS ANGELES AND DEFENDANT SHERIFF LEROY D. BACA BE DISMISSED WITH PREJUDICE

[DOCKET NO. 72]

ON AUGUST 01, 2018 U.S. MAGISTRATE JUDGE FREDERICK F. MUMM (IN CHAMBER) ORDER WITH-DRAWING JULY 9, 2018 REPORT AND RECOMMENDATION AND VACATING JULY 9, 2018 ORDER TO SHOW CAUSE (DOCKET NOS 72 74) [DOCKET NO. 78]

ALSO ON AUGUST 01, 2018 U.S. MAGISTRATE JUDGE FREDERICK F. MUMM ISSUED HIS AMENDED REPORT AND RECOMMENDATION IN WHICH THE MAGISTRATE'S R&R STATED PLAINTIFF'S CLAIMS ARE TIME-BARRED. (1) THIS ACTION IS UNTIMELY (2) PLAINTIFF IS NOT ENTITLED TO TOLLING UNDER SECTION 352.1. THEREFORE, THE ACTION IS UNTIMELY. THE COURT RECOMMENDS THE MOTION BE GRANTED AND PLAINTIFF'S CLAIMS AGAINST COLA AND ALL DEFENDANTS BE DISMISSED WITH PREJUDICE. [DOCKET NO. 79].

PLAINTIFF FILED AN OBJECTION TO THE AMENDED REPORT & RECOMMENDATION NOW ATTACHED AS EXHIBIT-5

DEFENDANTS FILED THEIR JOINT RESPONSE TO PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION OF THE MAGISTRATE COURT. NOW ATTACHED AS EXHIBIT-6

PLAINTIFF FILED SUR-REPLY NOW ATTACHED AS EXHIBIT-7 IN WHICH PLAINTIFF ARGUED THE CALIFORNIA CASE (PEOPLE V. CABALLERO, 55 CAL. 4TH 1373 (2001)) THAT THE DEFENDANTS USE TO SUPPORT THEIR ARGUMENT DOES NOT APPLY TO PLAINTIFF

1  AND DO NOT APPLY TO CALIFORNIA CODE OF CIVIL
2  PROCEDURE SECTION 352.1. FURTHER PLAINTIFF ALSO
3  ARGUED THE NINTH CIRCUIT HAS REPEATEDLY
4  RECOGNIZED THAT CALIFORNIA LAW PROVIDES A TWO
5  YEAR STATUTE OF LIMITATION FOR PERSONAL-INJURY
6  ACTIONS, PLUS AN ADDITIONAL TWO YEARS TOLLING
7  THE STATUTE OF LIMITATIONS BASED ON THE
8  DISABILITY OF IMPRISONMENT CITING CCP §§
9  335.1, 352.1 TOTALING 4 YEARS TO FILE A LAWSUIT.
10 PLEASE SEE EXHIBIT-7 ATTACHED
11     ON OCTOBER 12, 2018 PLAINTIFF RECEIVED
12 FINAL REPORT AND RECOMMENDATION ISSUED BY
13 MAGISTRATE JUDGE FREDERICK F. MUMM THAT
14 WAS POSTDATED OCTOBER 05, 2018 IN WHICH
15 THE MAGISTRATE'S FINAL REPORT & RECOMMENDATION
16 STATED PLAINTIFF CLAIMS ARE TIME BARRED. (1)
17 THE ACTION IS UNTIMELY. (2) PLAINTIFF IS NOT
18 ENTITLED TO TOLLING UNDER SECTION 352.1
19 THEREFORE, THE COURT RECOMMENDS THE MOTION
20 BE GRANTED AND PLAINTIFFS CLAIMS AGAINST
21 ALL DEFENDANTS BE DISMISSED WITH PREJUDICE
22 [DOCKET NO. 87.]
23
24
25 II. PLAINTIFF RESPECTFULLY OBJECT TO THE
26     U.S. MAGISTRATE JUDGE' FINAL REPORT AND
27     RECOMMENDATION
28

1  PLAINTIFF FILED HIS COMPLAINT IN THE
2  IN THE INSTANT MATTER ON MARCH 24, 2015
3  [DOCKET NO. 1] WITHIN FOUR (4) YEARS
4  BEFORE THE STATUTE OF LIMITATIONS EXPIRED.
5  SEE CAL. CIV. PROC. CODE § 335.1 (STATUTE OF
6  LIMITATIONS FOR PERSONAL INJURY ACTIONS IN
7  CALIFORNIA IS TWO (2) YEARS); CAL. CIV. PROC.
8  CODE § 352.1 (a) (THE LIMITATIONS PERIOD IS
9  TOLLED FOR AN ADDITIONAL TWO (2) YEARS FOR
10 INCARCERATED INDIVIDUALS); JONES V. BLANAS,
11 393 F. 3d 918, 927 (9TH C.A 2004) (FOR ACTIONS
12 UNDER 42 U.S.C § 1983 COURTS APPLY THE FORUM
13 STATE STATUTE OF LIMITATIONS FOR PERSONAL
14 INJURY ACTIONS, ALONG WITH THE FORUM STATES
15 LAW REGARDING TOLLING EXCEPT TO THE
16 EXTENT ANY OF THESE LAWS IS INCONSISTENT
17 WITH FEDERAL LAW)
18    CALIFORNIA CODE OF CIVIL PROCEDURE
19 SECTION 352.1 (a) PROVIDES A MAXIMUM TOLLING
20 PERIOD OF TWO YEARS FOR A PLAINTIFF IN CUSTODY.
21 IN TOTAL, THEN; AN INCARCERATED INMATE'S
22 CIVIL RIGHTS CLAIMS MUST TYPICALLY BE
23 BOUGHT WITHIN FOUR (4) YEARS OF THE ALLEGED
24 INFRINGEMENT. SEE U.S COURT OF APPEALS OF
25 THE NINTH CIRCUIT 2013 U.S DIST LEXIS 26394
26 DAILY V. PROSPER FEBRUARY 25, 2013.
27
28    AS OF JANUARY 1, 2003, THE LAW GIVES

A PERSON TWO (2) YEARS TO FILE A LAWSUIT SEEKING MONEY DAMAGES. SEE CODE OF CIVIL PROCEDURE § 335.1. IN ADDITION, FOR PRISONERS SERVING DETERMINATE SENTENCES OR LIFE WITH THE POSSIBILITY OF PAROLE, THE TIME LIMITS FOR FILING A CIVIL RIGHTS ACTION FOR DAMAGES ARE "TOLLED" (OR DO NOT BEGIN) FOR TWO ADDITIONAL YEARS. CODE OF CIVIL PROCEDURES § 352.1; MARTINEZ V. GOMEZ (9TH CIR 1998) 137 F. 3d 1124 (TOLLING APPLIES TO PRISONERS SERVING LIFE WITH POSSIBILITY OF PAROLE). THERE IS NO TOLLING OF THE TIME LIMIT FOR PRISONERS SENTENCED TO LIFE WITHOUT PAROLE

THUS, MOST PRISONERS WHO WANT TO FILE A SECTION 1983 LAWSUIT FOR MONEY DAMAGES CAN WAIT FOR FOUR YEARS BEFORE THE FILING TIMELINE RUNS OUT. THE EXTENDED FOUR-YEAR TOTAL TIMELINE ALSO APPLIES IN CASES WHERE A PRISONER SUFFERED HARM PRIOR TO JANUARY 1, 2003 AND THE FILING TIMELINE HAD NOT RUN OUT.

III.   THE NINTH CIRCUIT HAS REPEATEDLY RECOGNIZED THAT CALIFORNIA LAW PROVIDES A TWO-YEAR STATUTE OF LIMITATION FOR PERSONAL-INJURY ACTIONS, PLUS AN ADDITIONAL TWO YEARS TOLLING BASED ON THE DISABILITY OF IMPRISONMENT CITING CCP §§ 335.1, 352.1

1        THERE IS NO DISPUTE THAT PLAINTIFF HAS BEEN
2   INCARCERATED SINCE AUGUST 05, 2009 AND WHILE IN CUSTODY
3   THE INCIDENT GIVING RISE TO PLAINTIFF ANTHONY BROWN'S
4   COMPLAINT (DOC. 1.) OCCURRED AUGUST 2011 THROUGH SEPTEMBER
5   2011. PLAINTIFF'S UNINTERUPTED INCARCERATION FROM AUGUST
6   05, 2011 TO PRESENT IS THE TOUCHSTONE FOR APPLYING
7   CALIFORNIA'S TOLLING PROVISION FOR THE DISABILITY OF
8   IMPRISONMENT PURSUANT TO CALIFORNIA CODE OF CIVIL
9   PROCEDURE § 352.1 (a).

10       THE UNITED STATES COURT OF APPEALS OF THE
11  NINTH CIRCUIT HAS REPEATDLY AFFIRMED OR REVERSED
12  CASE REGARDING THE REGULAR TWO-YEAR PERIOD UNDER
13  CALIFORNIA CODE OF CIVIL PROCEDURE § 335.1 PLUS TWO (2)
14  YEARS DURING WHICH ACCRUAL WAS POSTPONED DUE TO
15  THE DISABILITY OF IMPRISONMENT § 352.1 (a).   THE
16  DISABILITY TOLLING STATUTE EFFECTIVELY EXTENDS THE
17  LIMITATIONS PERIOD FOR CALIFORNIA PRISONER'S § 1983
18  CLAIM TO FOUR (4) YEARS.

19       PLAINTIFF CITE THE FOLLOWING UNITED STATES
20  COURT OF APPEAL OF THE NINTH CIRCUIT CASES THAT
21  WERE APPEALED FROM THE U.S. DISTRICT COURT FOR THE
22  CENTRAL DISTRICT OF CALIFORNIA IN SUPPORT OF HIS
23  ARGUMENT THAT CALIFORNIA LAW PROVIDES A TWO-YEAR
24  STATUTE OF LIMITATIONS FOR PERSONAL-INJURY ACTIONS,
25  CCP § 335.1 PLUS AN ADDITIONAL TWO YEARS TOLLING
26  THE STATUTE OF LIMITATION BASED ON THE DISABILITY
27  OF IMPRISONMENT CCP § 352.1 WHICH APPLIES TO
28  PLAINTIFF ANTHONY BROWN. IN THE INSTANT CASE.

1   UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT

2   CASE ENTITLED: PERALTA V. CAIRE 223 FED. APPX 666,

3   FEBRUARY 20, 2007

4       APPEL FROM THE U.S DISTRICT COURT FOR THE

5   CENTRAL DISTRICT OF CALIFORNIA D.C. NO CV-05-03662-GHK

6   GEORGE H. KING, DISTRICT JUDGE, PRESIDING

7       PERALTA'S COMPLAINT ALLEGES THAT THE DEFENDANTS

8   IMPROPERLY FORCED HIM TO BUNK IN A TOP BUNK, IN

9   VIOLATION OF DOCTOR'S ORDER, FROM AUGUST 19, 2000 TO

10  OCTOBER 9, 2000. PERALTA COMMENCED THE ADMINISTRATIVE

11  GRIEVANCE PROCESS ON OCTOBER 7, 2004, TWO DAYS BEFORE

12  THE STATUTE OF LIMITATIONS EXPIRED. SEE CAL CIV. PROC.

13  CODE § 335.1 (STATUTE OF LIMITATIONS FOR PERSONAL INJURY,

14  ACTIONS IN CALIFORNIA IS TWO YEARS); CAL CIV. PROC. CODE

15  § 352.1 (a) (THE LIMITATIONS PERIOD IS TOLLED FOR AN

16  ADDITIONAL TWO YEARS FOR INCARCERATED INDIVIDUALS);

17  JONES V. BLANAS, 393 F.3d 918, 927 (9TH CIR 2004)(FOR

18  ACTIONS UNDER 42 USC § 1983, COURTS APPLY THE FORUM

19  STATES STATUTE OF LIMITATIONS FOR PERSONAL INJURY ACTIONS,

20  ALONG WITH THE FORUM STATES LAW REGARDING TOLLING,

21  EXCEPT TO THE EXTENT ANY OF THESE LAWS IS INCONSISTENT

22  WITH FEDERAL LAW); BROWN V. VALOFF, 422 F.3d 926, 943

23  (9TH CIR 2005) (THE APPLICABLE STATUTE OF LIMITATION MUST

24  BE TOLLED WHILE A PRISONER COMPLETES THE MANDATORY

25  EXHAUSTION PROCESS). THE DISTRICT COURT ERRED WHEN

26  IT DISMISSED PERALTA'S ACTION AS TIME BARRED.

27

28      UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT

2013 U.S. DIST. LEXIS 26394   DAILY V. PROSPER   FEBRUARY 25, 2013

APPEAL FROM THE U.S. DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA. OPINION BY MICHAEL R. WILNER U.S MAGISTRATE JUDGE. THE FINAL REPORT & RECOMMENDATION IS SUBMITTED TO THE HONORABLE OTIS D. WRIGHT II U.S. DISTRICT JUDGE. SEE B. STATUTE OF LIMITATIONS :

FEDERAL CIVIL RIGHTS CLAIMS ARE SUBJECT TO THE FORUM STATES STATUTE OF LIMITATIONS FOR PERSONAL INJURY TORTS. WILSON V. GARCIA, 471 U.S. 261, 279-80, 105 S. Ct 1938, 85 L. Ed. 2d 254 (1985). UNDER CCP § 335.1, THE LIMITATIONS PERIOD FOR SUCH AN ACTION IS TWO (2) YEARS. IN ADDITION, FEDERAL COURTS MUST GIVE EFFECT TO A STATE'S TOLLING PROVISIONS, INCLUDING THE TOLLING OF A STATE STATUTE OF LIMITATIONS DURING IMPRISONMENT. ELLIOTT V. CITY OF UNION CITY, 25 F.3d 800 (9th CIR 1994). GENERALLY, CALIFORNIA RECOGNIZES IMPRISONMENT AS A SITUATION THAT TOLLS THE STATUTE OF LIMITATION. CCP § 352.1 (a) PROVIDES A MAXIMUM TOLLING PERIOD OF TWO YEARS FOR A PLAINTIFF IN CUSTODY. IN TOTAL, THEN, AN INCARCERATED INMATE'S CIVIL RIGHTS CLAIMS MUST TYPICALLY BE BOUGHT WITHIN FOUR (4) YEARS OF THE ALLEGED INFRINGEMENT.

UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT CASE ENTITLED : WILLIAMS V. KERKFOOT   669 FED APPX 380 SEPTEMBER 13, 2016

APPEAL FROM THE U.S. DISTRICT COURT FOR THE

1  CENTRAL DISTRICT OF CALIFORNIA. D.C. NO 2:14 CV 07583
2  GW-KK GEORGE H. WU, DISTRICT JUDGE PRESIDING 2015
3  US DIST LEXIS 64783 (C.D. CAL, MAY 15, 2015)
4      "[A]CTUAL, UNINTERRUPTED INCARCERATION IS THE
5  TOUCHSTONE FOR APPLYING CALIFORNIA'S TOLLING
6  PROVISION OF THE DISABILITY OF IMPRISONMENT".
7
8      UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT
9  CASE ENTITLED:  BODNAR V. RIVERSIDE COUNTY SHERIFFS DEPT.
10  519 FED. APPX. 511 MAY 14, 2013
11      APPEAL FROM U.S DISTRICT COURT FOR THE CENTRAL DIST.
12  OF CALIFORNIA. D.C. NO. 5:11-CV-00092-DSF-OP DALE S.
13  FISCHER, DISTRICT JUDGE, PRESIDING 2012 U.S. DIST LEXIS
14  51712 (C.D CAL APRIL 12, 2012)
15      THE DISTRICT COURT PROPERLY DISMISSED BODNAR'S
16  ACTION AS TIME BARRED BECAUSE BODNAR FILED THIS
17  ACTION MORE THAN FOUR YEARS AFTER THE ALLEGED USE
18  OF EXCESSIVE FORCE. SEE CAL. CIV. PROC. CODE §§ 335.1
19  352.1 (a) (TWO-YEAR STATUTE OF LIMITATIONS FOR PERSONAL
20  INJURY CLAIMS; LIMITATIONS PERIOD MAY BE TOLLED FOR
21  AN ADDITIONAL TWO YEARS FOR PRISONERS); JONES, 393
22  F. 3d AT 927 ("FOR ACTIONS UNDER 42 USC § 1983, COURTS
23  APPLY THE FORUM STATE'S STATUTE OF LIMITATIONS FOR
24  PERSONAL INJURY ACTIONS")
25
26      UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT
27  CASE ENTITLED:  DOSS V. CITY OF LONG BEACH  559 FED.
28  APPX. 636  FEBRUARY 18, 2014

1. APPEAL FROM THE U.S. DISTRICT COURT FOR THE CENTRAL
2. DISTRICT OF CALIFORNIA. D.C. NO. 2:10-CV-07134-VBF-RNB.
3. VALERIE BAKER FAIRBANK, DISTRICT JUDGE, PRESIDING. 2012
4. U.S. DIST. LEXIS 124601 (C.C.D. CAL. AUGUST 30, 2012)
5. THE DISTRICT COURT PROPERLY GRANTED SUMMARY JUDGMENT
6. BECAUSE DOSS'S ACTION, BROUGHT MORE THAN FIVE YEARS
7. AFTER HIS CLAIM ACCRUED, WAS TIME BARRED. SEE
8. CAL. CIV. PROC. CODE §§ 335.1, 352.1 (a) (SETTING FORTH
9. CALIFORNIA'S TWO-YEAR STATUTE OF LIMITATIONS FOR PERSONAL
10. INJURY CLAIMS AND ADDITIONAL STATUTORY TOLLING DUE TO
11. INCARCERATION NOT TO EXCEED TWO YEARS).

13. UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT
14. CASE ENTITLED: SMITH V. KOURI 563 FED APPX 561 MARCH
15. 10, 2014
16. APPEAL FROM THE U.S. DISTRICT COURT FOR THE CENTRAL
17. DISTRICT OF CALIFORNIA. D.C. NO. 2:09-CV-09219-JAK
18. JOHN A. KRONSTADT, DISTRICT JUDGE, PRESIDING. 2011
19. U.S. DIST. LEXIS 77108 (C.D. CAL., JULY 15, 2011)
20. THE DISTRICT COURT PROPERLY DECLINED TO APPLY TOLLING
21. PURSUANT TO CAL. CIV. PROC. CODE § 352.1 WHICH STATES THAT
22. PRISONERS ARE ENTITLED TO TWO YEARS OF STATUTORY TOLLING
23. BECAUSE AT THE TIME SMITH'S CLAIMS ACCRUED, SMITH
24. WAS NOT IMPRISONED ON A CRIMINAL CHARGE. SEE CAL.
25. CIV. PROC. CODE § 357 ("NO PERSON CAN AVAIL HIMSELF OF
26. A DISABILITY, UNLESS IT EXISTED WHEN HIS RIGHT OF
27. ACTION ACCRUED."); ELLIOTT V. CITY OF UNION CITY, 25 F.3d
28. 800, 802-03 (9TH CIR 1994) (EXPLAINING THAT "ACTUAL, UN-

1   INTERRUPTED INCARCERATION IS THE TOUCHSTONE" FOR
2   ASSESSING TOLLING IN POST-ARREST CUSTODY SITUATIONS)
3   (CITATION OMITTED)    AND FINALLY;
4   _____
5        UNITED STATES COURT OF APPEALS OF THE NINTH CIRCUIT
6   CASE ENTITLED: SANDOVAL V. CHINO STATE PRISON 626
7   FED. APPX. 727  DECEMBER 9, 2015
8        APPEAL FROM THE U.S DISTRICT COURT FOR THE CENTRAL
9   DISTRICT OF CALIFORNIA. D.C. NO. 5:15-CV-00327-JLS-
10  KK  JOSEPHINE L. STATON, DISTRICT JUDGE, PRESIDING
11  2015 U.S. DIST LEXIS 39687 (C.D. CAL MARCH 24, 2015)
12      PLAINTIFF CLAIMS ACCRUED ON FEBRUARY 10, 2010.
13  THE DATE HE ALLEGES HE WAS HOUSED IN AN OVER-
14  CROWDED ROOM AT CHINO STATE PRISON) SEE ECF NO.
15  1, AT 1, 3. STARTING FROM THE DATE, PLAINTIFF HAD
16  AT MOST FOUR (4) YEARS - THAT IS, UNTILL FEBRUARY
17  10, 2014 - TO FILE HIS CLAIMS: TWO YEARS UNDER SECTION
18  1983'S STATUTE OF LIMITATIONS, AND TWO YEARS OF
19  TOLLING FOR THE " DISABILITY OF IMPRISONMENT."
20  JONES, 393 F. 3d AT 927. PLAINTIFF DID NOT FILE
21  THE COMPLAINT UNTILL FEBRUARY OF 2015  SEE ECF
22  NO. 1 AT 6. THUS ABSENT EQUITABLE TOLLING, THE
23  COMPLAINT IS TIME-BARRED.
24  _____
25      THE ABOVE CITED 9TH CIRCUIT CASES MAKES CLEAR
26  THAT CALIFORNIA LAW PROVIDES A TWO-YEAR STATUTE
27  OF LIMITATION FOR PERSONAL-INJURY ACTIONS, PLUS
28  AN ADDITIONAL TWO YEARS TOLLING THE STATUTE OF

1  LIMITATION BASED ON THE DISABILITY OF IMPRISONMENT
2  SEE JONES V. BLANAS, 393 F. 3d 918 (9TH CIR 2004)
3  (CITING CALIFORNIA CIVIL CODE OF PROCEDURE §§ 335.1 352.1(a)
4       IN THE INSTANT CASE PLAINTIFF ANTHONY BROWN FILED
5  HIS COMPLAINT (DOC. 1) WITHIN FOUR (4) YEARS (STATUTE OF
6  LIMITATIONS FOR PERSONAL INJURY ACTIONS IS TWO YEARS § 335.1 )
7  (THE LIMITATIONS PERIOD IS TOLLED FOR AN ADDITIONAL
8  TWO YEARS FOR INCARCERATED INDIVIDUALS § 352.1)
9       PLAINTIFF'S CLAIMS ACCRUED AT THE LATEST
10  SEPTEMBER 2011. PLAINTIFF'S COMPLAINT WAS FILED
11  MARCH 24, 2015 (DOC. 1) WITHIN THE FOUR (4) YEARS
12  ALLOWED PURSUANT TO CCP §§ 335.1 AND 352.1 (a)
13  PLAINTIFF'S COMPLAINT WAS FILED IN A TIMELY MANNER
14           CONCLUSION
15
16       FOR THE FOREGOING REASONS PLAINTIFF
17  ANTHONY BROWN RESPECTFULLY REQUEST THAT THE COURT
18  DISMISS THE DEFENDANTS MOTION FOR JUDGMENT ON
19  THE PLEADINGS.
20
21
22  DATED: OCTOBER  13, 2018        BY:
23                                      ANTHONY BROWN SR
24                                      PRO-SE PLAINTIFF
25
26
27
28

PROOF OF SERVICE BY UNITED STATES MAIL

I, _ANTHONY BROWN_, am over the age of eighteen years, a resident and prisoner of the State of California with a present mailing address of: P.O. BOX 409060 IONE, CA 95640

On _OCTOBER 14, 2018_, I served the following document(s):

_PLAINTIFF'S OBJECTIONS TO FINAL REPORT AND_

_RECOMMENDATION OF U.S. MAGISTRATE FREDERICK F. MUMM_
by placing the document(s) in a sealed envelope(s), with First Class postage having been placed thereon.   Delivered the envelope(s) to a Correctional Officer who then signed & dated the back of the envelope and s/he then deposited such envelope(s) in the prisons internal legal mail system for processing and delivery to the United States Postal Service, for delivery to the addressee(s):

LAW OFFICES

HURRELL CANTRALL LLP

300 SOUTH GRAND AVE, SUITE 1300

LOS ANGELES, CA 90071

I declare that there has been regular U.S. mail pick-up by the Correctional Officers at the prison where I posted the envelope(s) and regular communication by mail between the place of mailing and the place(s) so addressed.

I declare under penalty of perjury under the laws of the State of California and the United States that the forgoing is true and correct and the this declaration was executed on _OCTOBER 14, 2018_, at _IONE, CA_

_____
Declarant

NOTE: Pursuant to the holdings in Houston v. Lack (1988) 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245; and, In re Jordan (1992) 4 Cal.4th 116, 13 Cal.Rptr.2d 878, 840 P.2d 983, (inmate legal documents are deemed filed on the date they are delivered to prison staff for processing and mailing via the institutions internal legal mail procedures).

# EXHIBIT COVER PAGE

| 5 |
|---|

EXHIBIT

Description of this Exhibit:

Number of pages to this Exhibit:    **49**    pages.

JURISTICTION: (Check only one)

- [ ] MUNICIPAL COURT
- [ ] SUPERIOR COURT
- [ ] APPELLATE COURT
- [ ] STATE SUPREME COURT
- [X] UNITED STATES DISTRICT COURT
- [ ] STATE CIRCUIT COURT
- [ ] UNITED STATES SUPREME COURT
- [ ] GRAND JURY

ANTHONY BROWN SR
P.O. BOX 409060
IONE, CA 95640

In Pro-Per

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANTHONY BROWN

              PLAINTIFF

       -VS-

COUNTY OF LOS ANGELES, et al.

              DEFENDANTS

CASE NO: CV15-2162 DDP(FFM)

PLAINTIFF ANTHONY BROWN OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS;

    TO THE HONORABLE COURT, ALL PARTIES, AND ALL ATTORNEYS OF RECORD:

    PLAINTIFF ANTHONY BROWN HEREBY SUBMIT THE FOLLOWING OBJECTION TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANTS MOTION FOR JUDGMENT ON THE PLEADINGS FILED ON JANUARY 11, 2017

DATED: AUGUST 17, 2008     By

                         ANTHONY BROWN

1

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   PLAINTIFF RESPECTFULLY OBJECT TO THE U.S.
     MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

     MORE THAN 17 MONTHS AFTER THE DEFENDANTS FILED
THEIR JOINT NOTICE OF MOTION FOR JUDGEMENT ON THE
PLEADINGS (DOC. 55 FILED 1-11-17) ALONG WITH PLAINTIFF'S
OPPOSITION TO THE DEFENDANTS MJOP FILED 2-7-17
(DOC. 61) AND PLAINTIFF'S SURREPLY (DOC. 65 FILED 2-28-17)
U.S. MAGISTRATE JUDGE FREDERICK F. MUMM WROTE AMENDED
REPORT AND RECOMMENDATION JULY 31, 2018. FIRST PLAINTIFF
POINTS OUT THAT THE LAW OFFICES OF MILTON C. GRIMES
FILED THE INSTANT COMPLAINT ON MARCH 24, 2015 (DOC. 1)
AND WHILE PLAINTIFF IS CURRENTLY PROCEEDING PRO-SE THE
FILING FEE WAS PAID AND PLAINTIFF IS NOT IN FORMA PAUPERS
     WHEN THE ATTORNEYS WHO WERE REPRESENTING PLAINTIFF
FILED THE COMPLAINT ON 3-24-15 (DOC. 1) THE ATTORNEYS
STATED IN THE COMPLAINT, THE COURT HAS JURISDICTION OVER
PLAINTIFF'S FEDERAL CIVIL RIGHTS CLAIM UNDER 42 U.S.C §
1983 AND FURTHER CITED CALIFORNIA CODE OF CIVIL PROCEDURE
SECTION 352.1 (a) TOLLS THE STATUE OF LIMITATIONS OF
PLAINTIFF'S CLAIMS HEREIN, DUE TO HIS INCARCERATION,
FOR AN ADDITIONAL TWO (2) YEARS; ONTIVEROS V. LOS
ANGELES COUNTY, 611 F. SUPP 2d 1090 (2009); AND
CARLSON V. BLATT, 87 CAL. APP. 4TH 646 (2001). REGARDING
TOLLING. SEE EXHIBIT 1 PAGE 3 LINE 3-9 ATTACHED.
     THE DEFENDANTS DID NOT DISPUTE CCP§ 352.1 (a)

2.

1  IN THEIR ANSWER TO PARAGRAPH 2 OF PLAINTIFF'S COMPLAINT,

2  FILED 5-13-15 (DOC.14) NOW MARKED AS EXHIBIT-1A PAGE

3  2 OF 18 PAGE ID #:46 LINE 5-12. THEN TWO YEARS LATER WHEN

4  PLAINTIFF WAS WITHOUT COUNSEL (WITHDRAWAL OF COUNSEL IN 2016)

5  THE DEFENDANTS FILED JOINT MOTION FOR JUDGMENT ON THE

6  PLEADINGS (DOC.55 FILED 1-11-17) CLAIMING THAT PLAINTIFF'S

7  COMPLAINT IS BARRED AS UNTIMELY. THEREFORE, ON JULY

8  31, 2018 THE U.S. MAGISTRATE JUDGE TOOK THE SIDES OF

9  THE DEFENDANTS AND RULED THAT PLAINTIFF IS NOT ENTITLED

10  TO TOLLING UNDER CCP SECTION 352.1 THEREFORE, THIS

11  ACTION IS UNTIMELY. (SEE REPORT AND RECOMMENDATION AT

12  P. 8 LINE 14-15)

13     CONTRARY TO THE U.S. MAGISTRATE JUDGE'S

14  RULING. UNITED STATES NINTH CIRCUIT 2016 CASE

15  BANKS V. U.C. REGENTS, 2016 U.S DIST LEXIS 17839

16  (E.D. FEBRUARY, 12, 2016) MAKES IT CLEAR THAT

17  CALIFORNIA INMATES HAVE A TOTAL OF FOUR (4) YEARS

18  FROM THE ACCRUAL OF A CAUSE OF ACTION TO FILE

19  A COMPLAINT CITING CARLSON V. BLATT, 87 CAL. APP.

20  4TH 646 (2001). WHICH IS THE SAME CASE USED IN

21  THE INSTANT COMPLAINT FILED 3-24-15 (DOC.1)

22  PARAGRAPH 2 PAGE 3 LINE 3-9 NOW MARKED AS

23  EXHIBIT 1  SEE ALSO SMITH V. COOPER MARCH 27, 2012

24  U.S. DIST. LEXIS 44134.

25     THE LAW CLEARLY STATES THE TOLLING IS

26  APPLICABLE TO INMATES SERVING A LIFE SENTENCE

27  WITH THE POSSIBILITY OF PAROLE. SUCH AS PLAINTIFF

28  ANTHONY BROWN. SEE MARTINEZ V. GOMEZ, 137 F.3d

1  1124, 1126 (9TH CIR 1998) THUS THE LENGTH OF THE

2  SENTENCE IS IRRELEVANT. SEE SONNTAG V. NEV. COUNTY,

3  2011 U.S. DIST LEXIS 99961 (E.D. CAL. SEPT. 6, 2011)

4      CALIFORNIA CODE OF CIVIL PROCEDURE SECTION

5  352.1 (a)'s PLAIN LANGUAGE IS CALIFORNIA PRISONER

6  SENTENCED TO LIFE WITHOUT POSSIBILITY OF PAROLE

7  WAS NOT ENTITLED TO TOLLING UNDER CCP §352.1

8      PLAINTIFF ANTHONY BROWN WAS SENTENCED TO

9  LIFE WITH THE POSSIBILITY OF PAROLE ON EACH

10  AND EVERY COUNT OF HIS CRIMINAL CASE. SEE

11  EXHIBIT 2. FINALLY, SINCE PLAINTIFF IS WITHOUT

12  LAWYERS AND IS A PRO SE LITIGANT, THE

13  DEFENDANTS ARE TRYING TO TAKE ADVANTAGE OF

14  PLAINTIFF TO PREVENT PLAINTIFF ANTHONY BROWN

15  FROM HAVING HIS DAY IN COURT. PLEASE SEE

16  EXHIBITS 1, 1A, 2, 3 AND 4.

17

18  II.    ALL OF PLAINTIFF'S CLAIMS ARE GOVERNED

19      BY A FOUR YEAR STATUE OF LIMITATIONS

20

21      UNDER CALIFORNIA LAW, THE EFFECTIVE STATUE

22  OF LIMITATIONS FOR MOST CALIFORNIA PRISONERS IS THREE

23  YEARS FOR CLAIMS ACCRUING BEFORE JANUARY 1, 2003

24  (ONE YEAR LIMITATIONS PERIOD PLUS TWO YEARS OF STATUTORY

25  TOLLING), AND FOUR YEARS FOR CLAIMS ACCRUING THEREAFTER

26  (TWO YEAR LIMITATIONS PERIOD PLUS TWO YEARS OF STATUTORY

27  TOLLING). GARCIA V. LUNES, NO. CV 1-06-167, 2010 U.S. DIST.

28  LEXIS 44672, 2010 WL 1267128 AT *2 (E.D. CAL. MAR. 30,

4.

2010) (UNPUB.) GUERRA V JANDA, 2014 U.S. DIST LEXIS 99701 (S.D. CAL JULY 22, 2014).

IN MARTINEZ V. GOMEZ 137 F.3d 1124 (9TH CIR. 1998) THE COURT CONCLUDES THAT THE PLAINTIFF IN THAT CASE WAS ENTITLED TO TOLLING BECAUSE HE WAS SERVING " A LIFE SENTENCE WITH THE POSSIBILITY OF PAROLE " WHICH CALIFORNIA COURTS HAD PREVIOUSLY HELD WAS A " TERM LESS THAN FOR LIFE " UNDER CALIFORNIA CODE OF CIVIL PROCEDURE § 352(a) (3), WHICH WAS AMENDED BY CALIFORNIA CODE OF CIVIL PROCEDURE § 352.1 SEE MARTINEZ, 137 F.3d AT 1125-26 (ITALICS ADDED) (CITATIONS OMITTED). BECAUSE PLAINTIFF IN GUERRA V. JANDA, 2014 U.S. DIST. LEXIS 99701. WAS SENTENCED TO A LIFE TERM WITHOUT THE POSSIBILITY OF PAROLE, CCP SECTION 352.1 (a)'s PLAIN LANGUAGE, WHICH PERMITS TWO YEARS OF TOLLING FOR PERSONS WHO " AT THE TIME THE CAUSE OF ACTION ACCRUED, [WERE] IMPRISONED ON A CRIMINAL CHARGE, OR IN EXECUTION UNDER THE SENTENCE OF A CRIMINAL COURT FOR A TERM LESS THAN LIFE" SIMPLY DOES NOT APPLY TO HIM. SEE e.g. GONZALEZ V. ADAMS, NO. 1:09-CV-1284, 2013 U.S. DIST LEXIS 23302, 2013 WL 636730, AT *6 (E.D. CAL. FEB 20, 2013) (UNPUB) (FINDING CALIFORNIA PRISONERS SENTENCED TO LIFE WITHOUT POSSIBILITY OF PAROLE WAS NOT ENTITLED TO TOLLING UNDER CCP § 352.1)

IN THE INSTANT CASE PLAINTIFF ANTHONY BROWN SR. WAS SENTENCED TO LIFE WITH THE POSSIBILITY OF PAROLE ON EACH COUNT CONSECUTIVELY RE: HIS CRIMINAL CONVICTION SEE THE CERTIFIED MINUTE ORDER OF PLAINTIFF'S CRIMINAL CASE NOW MARKED AS EXHIBIT 2

1   THE QUESTION BEFORE THIS COURT IS NOT WHETHER

2   PLAINTIFF'S SENTENCE IS EQUIVALENT OF A LIFE SENTENCE

3   WITHOUT THE POSSIBILITY OF PAROLE, BUT RATHER DID THE

4   COURT SENTENCE PLAINTIFF TO LIFE WITHOUT THE POSSIBILITY

5   OF PAROLE.

6       THE DEFENDANTS IN THEIR JOINT MOTION FOR

7   JUDGMENT ON THE PLEADINGS (DOC 55) ARE SAYING IF

8   A PRISONER WAS SENTENCED TO LIFE WITHOUT THE POSSIBILITY

9   OF PAROLE, THE TOLLING UNDER CCP § 352.1 (a) DOES NOT

10  APPLY TO THE PRISONER. AND PLAINTIFF AGREES. HOWEVER,

11  THE DEFENDANTS ARE TRYING TO CHANGE THE LAW BY CLAIMING

12  THAT A PRISONER SENTENCED TO LIFE WITH THE POSSIBILITY OF

13  PAROLE, CALIFORNIA CODE OF CIVIL PROCEDURE § 352.1 (a) DOES

14  NOT APPLY TO THE PRISONER EITHER. AND PLAINTIFF DISAGREES

15  THE DEFENDANTS CLAIM TOLLING DOES NOT APPLY TO SAVE

16  PLAINTIFF'S CLAIMS BECAUSE PLAINTIFF IS SERVING THE

17  EQUIVALENT OF A LIFE SENTENCE [DOC 55 PAGE ID #541]

18  SECTION 352.1 (a)'S PLAIN LANGUAGE IS CLEAR. CALIFORNIA

19  PRISONER SENTENCED TO LIFE WITHOUT POSSIBILITY OF

20  PAROLE WAS NOT ENTITLED TO TOLLING UNDER CALIFORNIA

21  CODE OF CIVIL PROCEDURE SECTION 352.1 (a) GUERRA V.

22  JANDA, 2014 U.S. DIST. LEXIS 99701 (S.D. CAL. JULY 22, 2014)

23      HERE, PLAINTIFF ANTHONY BROWN SR WAS SENTENCED

24  TO LIFE WITH THE POSSIBILITY OF PAROLE FOR EACH COUNT

25  RE: HIS CRIMINAL CASE. SEE EXHIBIT-2 ATTACHED. FURTHER,

26  THE CALIFORNIA COURTS HAVE READ OUT OF THE STATUE

27  THE QUALIFICATION THAT THE PERIOD OF INCARCERATION

28  MUST BE 'FOR A TERM LESS THAN LIFE' IN ORDER FOR

6.

A PRISONER TO QUALIFY FOR TOLLING." JONES V. BLANAS, 393 F.3d 918, 928 n.5 (9TH CIR. 2004)(CITING GRASSO V. MCDONOUGH POWER EQUIPMENT, INC., 264 CAL. APP. 2d 597, 70 CAL. RPTR. 458, 460-61 (CAL. CT. APP. 1968) (HOLDING THAT A PRISONER SERVING A LIFE SENTENCE IS ENTITLED TO THE BENEFIT OF TOLLING)), MARTINEZ V. GOMEZ, 137 F.3d 1124, 1126 (9TH CIR. 1998). THUS, THE LENGTH OF THE SENTENCE IS IRRELEVANT. SONNTAG V. NEV. COUNTY, 2011 U.S. DIST. LEXIS 99961 (E.D. CAL., SEPT. 6, 2011)

THE APPLICABLE STATUE OF LIMITATIONS IS FURTHER TOLLED WHILE A PRISONER COMPLETES THE EXHAUSTION PROCESS MANDATED BY THE PRISON LITIGATION REFORM ACT ("PLRA"). SEE BROWN V. VALOFF, 422 F.3d 926, 942-43 (9TH CIR. 2005). IN BROWN, THE NINTH CIRCUIT OBSERVED THAT " A PRISONER MAY NOT PROCEED TO FEDERAL COURT WHILE EXHAUSTING ADMINISTRATIVE REMEDIES," AND THAT "AWAITING THE COMPLETION OF A STAFF MISCONDUCT INVESTIGATION COULD, ABSENT SOME ADJUSTMENT, ENDANGER THE PRISONER'S ABILITY TO FILE HIS COURT COMPLAINT WITHIN THE LIMITATIONS PERIOD." Id AT 942. THE COURT ADDED:

WE ALSO NOTE THAT, AGAIN LIKE ALL THE OTHER CIRCUITS THAT HAVE CONSIDERED THE QUESTION, "WE REFUSE TO INTERPRET

7.

THE PLRA SO NARROWLY AS TO ... PERMIT
[PRISON OFFICIALS] TO EXPLOIT THE
EXHAUSTION REQUIREMENT THROUGH
INDEFINITE DELAY IN RESPONDING TO
GRIEVANCES." Id. AT 943 N. 18 (QUOTING
LEWIS V. WASHINGTON, 300 F.3d 829, 833
(7TH CIR. 2002), JERNIGAN V. STUCHELL, 304
F.3d 1030 (10TH CIR. 2002), MILLER V. NORRIS,
247 F.3d 736, 740 (8TH CIR. 2001), AND
UNDERWOOD V. WILSON, 151 F.3d 292, 295
(5TH CIR. 1998) (PER CURIAM)).

FINALLY, IN DURAN V. MANDUJO, 2017 U.S. DIST.
LEXIS 141180, THE COURT STATED: TOLLING OF THE
STATUE OF LIMITATIONS IS GOVERNED BY CCP § 352.1
(a) WHICH PROVIDES FOR TOLLING UP TO TWO YEARS
WHEN A PERSON IS IMPRISONED AT THE TIME OF
THE CAUSE OF ACTION ACCRUES. SEE CALIFORNIA CODE
OF CIVIL PROCEDURE SECTION 352.1; SEE ALSO
HARDIN V. STRAUB, 490 U.S. 536, 543-44, 109 S.
Ct. 1998, 104 L. Ed. 2d 582 (1989) (FINDING STATE
STATUTORY TOLLING DOES NOT FRUSTRATE § 1983 GOALS);
TORRES V. CITY OF SANTA ANA, 108 F.3d 224, 226
(9TH CIR 1997) GIVEN THIS, PLAINTIFF IS ALLOWED A
MAXIMUM OF TWO ADDITIONAL YEARS TO FILE A
COMPLAINT. THE DISABILITY OF IMPRISONMENT DELAYS
THE ACCRUAL OF THE ACCRUAL OF THE CAUSE OF ACTION
FOR A MAXIMUM OF TWO YEARS.

8.

III.   ANALYSIS OF STATUE OF LIMITATIONS
BY UNITED STATES NINTH CIRCUIT RE:
SMITH V. COOPER, 2012 U.S. DIST LEXIS 44134

STATUTE OF LIMITATIONS

THE APPROPRIATE PERIOD FOR 42 U.S.C.S § 1983 IS THAT OF THE FORUM STATE'S STATUTE OF LIMITATIONS FOR PERSONAL INJURY TORTS. THE STATUTE OF LIMITATIONS IN CALIFORNIA FOR PERSONAL INJURY ACTIONS IS TWO-YEAR PERIOD SET FORTH AT CAL. CODE CIV PROC. § 335.1 AND IS THE APPLICABLE STATUTE IN § 1983 ACTIONS. CAL. CODE. CIV. PROC § 352.1 RECOGNIZES IMPRISONMENT AS A DISABILITY THAT TOLLS THE STATUTE OF LIMITATIONS WHEN A PERSON IS IMPRISONED ON A CRIMINAL CHARGE, OR IN EXECUTION UNDER THE SENTENCE OF A CRIMINAL COURT FOR A TERM LESS THAN FOR LIFE. CAL. CODE. CIV PROC. § 352.1 (a)

THE TOLLING OF THE STATUTE OF LIMITATIONS BASED ON THE DISABILITY OF IMPRISONMENT IS NOT INDEFINITE; THE DISABILITY OF IMPRISONMENT DELAYS THE ACCRUAL OF THE CAUSE OF ACTION FOR A MAXIMUM OF TWO YEARS. THUS, AN INMATE HAS FOUR YEARS TO FILE A 42 U.S.C.S § 1983 CLAIM FOR DAMAGES IN CALIFORNIA, i.e., THE REGULAR TWO YEAR PERIOD UNDER CAL CODE. CIV. PRO § 335.1 PLUS TWO YEARS DURING WHICH ACCRUAL WAS POSTPONED DUE TO THE DISABILITY OF IMPRISONMENT. TOLLING UNDER CAL.

9.

1  CODE. CIV PROC. § 352.1 IS TRIGGERED BY THE PLAINTIFF'S

2  ARREST AND INCARCERATION.

3          ANALYSIS OF STATUTE OF LIMITATIONS

4          BY THE COURT RE: SMITH V COOPER, 2012 U.S

5          DIST. LEXIS 44134

6

7      PLAINTIFF HAD A MAXIMUM OF FOUR YEARS TO FILE

8  AN ACTION: TWO YEARS FOR THE PERSONAL INJURY CAUSE

9  OF ACTION AND TWO YEARS FOR THE DISABILITY OF IMPRISONMENT

10  SEE MALDONADO, 370 F. 3d AT 954, CAL. CIV. PROC. CODE

11  § 352.1 (a). THE INCIDENT GIVING RISE TO THE COMPLAINT

12  OCCURRED ON JULY 31, 2004 AND AUGUST 1, 2004, AND

13  THESE DATES ARE UNDISPUTED BY BOTH PARTIES. THE

14  RECORD SHOWS THAT PLAINTIFF WAS RELEASED SHORTLY

15  THEREAFTER AND SUBSEQUENTLY INCARCERATED AGAIN

16  IN 2006 OR 2007. THEREFORE, THE DISABILITY OF

17  IMPRISONMENT ARGUABLY SHOULD HAVE CEASED UPON

18  PLAINTIFF'S RELEASE. SEE BOAG, 669 F. 2d AT 589

19  (HOLDING DISABILITY OF IMPRISONMENT CEASES UPON

20  RELEASE ON PAROLE); WILLIAMS, 244 F. 2d AT 8

21  (HOLDING STATUE OF LIMITATIONS NOT TOLLED AFTER

22  PRISONER RELEASED) HOWEVER, EVEN IF PLAINTIFF HAD

23  BEEN INCARCERATED THE ENTIRE TIME, AND HE HAD

24  THE FULL FOUR YEARS TO FILE AN ACTION – i.e.,

25  THE LIMITATIONS PERIOD WOULD AT BEST, HAVE

26  EXPIRED ON JULY 31, 2008 HOWEVER, HE FILED THE

27  INSTANT COMPLAINT ALMOST A YEAR LATER · ON MAY

28  21, 2009, THEREFORE, THE SUIT IS BARRED BY THE

1  STATUTE OF LIMITATIONS.

2      IN THE INSTANT CASE PLAINTIFF, ANTHONY BROWN SR.

3  WAS ARRESTED AUGUST 05, 2009. THE INCIDENT GIVING RISE

4  TO THE COMPLAINT (DOC.1) OCCURRED AUGUST 2011, THROUGH

5  SEPTEMBER 2011 WHILE PLAINTIFF WAS STILL INCARCERATION.

6  THE INSTANT COMPLAINT WAS FILED MARCH 24, 2015

7      CALIFORNIA CODE OF CIVIL PROCEDURE § 352.1 (a)

8  RECOGNIZES IMPRISONMENT AS A DISABILITY, THAT TOLLS

9  THE STATUTE OF LIMITATIONS WHEN A PERSON IS

10  IMPRISONED ON A CRIMINAL CHARGE, OR IN EXECUTION

11  UNDER THE SENTENCE OF A CRIMINAL COURT FOR A

12  TERM LESS THAN FOR LIFE. THE COURT IN JONES V.

13  BLANAS, 393, F.3d 918 (9TH CIR 2004) HAVE EMPHASIZED

14  THAT [I]N TERMS OF LIMITATIONS ON THE PRISONER,

15  CONTINUOUS CUSTODY, IS THE RELEVANT DISABILITY

16  PLUS THE "ACTUAL, UNINTERUPTED INCARCERATION IS

17  THE TOUCHSTONE" FOR APPLYING CALIFORNIA'S TOLLING

18  PROVISION FOR THE DISABILITY OF IMPRISONMENT

19  SEE JONES V. BLANAS, 393 F.3d 918 (9TH CIR 2004).

20      FURTHER, CALIFORNIA COURTS HAD PREVIOUSLY

21  HELD THAT A LIFE SENTENCE WITH THE POSSIBILITY

22  OF PAROLE WAS A "TERM LESS THAN FOR LIFE" UNDER

23  CALIFORNIA CODE OF CIVIL PROCEDURE § 352 (a)(3) WHICH,

24  WAS AMENDED BY CCP § 352.1 SEE MARTINEZ, 137 F.3d

25  AT 1125-26. PLAINTIFF ANTHONY BROWN WAS SENTENCED

26  TO LIFE WITH THE POSSIBILITY OF PAROLE ON EVERY COUNT

27  RE: HIS CRIMINAL CONVICTION PLEASE SEE EXHIBIT-2

28      PLAINTIFF CONTENDS DUE TO HIS UNINTERUPTED

1  INCARCERATION (AUGUST 05, 2001 TO PRESENT-DAY) WHICH IS
2  THE TOUCHSTONE FOR APPLYING CALIFORNIA TOLLING
3  PROVISION FOR THE DISABILITY OF IMPRISONMENT, ALONG
4  WITH THE FACT CALIFORNIA COURTS HAD PREVIOUSLY HELD
5  THAT A LIFE SENTENCE WITH THE POSSIBILITY OF PAROLE
6  WAS A "TERM LESS THAN LIFE". THEREFORE, PLAINTIFF
7  ANTHONY BROWN SB CLAIMS ARE GOVERNED BY A FOUR
8  (4) YEAR STATUTE OF LIMITATIONS.

9       STATUTE OF LIMITATIONS LEGAL STANDARD
10      RE: BANKS V. U.C. REGENTS, 2016 U.S.
11      DIST. LEXIS 17839 (E.D. FEB. 12, 2016)

12

13   ACTIONS BOUGHT PURSUANT TO 42 U.S.C. § 1983 ARE
14  GOVERNED BY THE FORUM STATE'S STATUE OF
15  LIMITATIONS FOR PERSONAL INJURY ACTIONS WILSON
16  V. GARCIA, 471 U.S. 261, 265 105 S.Ct 1938, 85 L.Ed.
17  2d 254 (1985); JONES V. BLANAS, 393 918, 927 (9TH
18  CIR. 2004) THE STATUTE OF LIMITATIONS FOR CIVIL
19  ACTIONS FILED IN CALIFORNIA IS TWO YEARS, AS
20  SET FORTH AT CALIFORNIA CIVIL PROCEDURE CODE
21  SECTION 335.1, WHICH IS THE APPLICABLE STATUTE
22  IN § 1983 ACTIONS. SEE MALDONADO V. HARRIS, 370
23  F.3d 945, 954 (9TH CIR 2004). THE FEDERAL COURT
24  ALSO APPLIES THE FORUM STATE'S LAWS REGARDING
25  TOLLING, INCLUDING EQUITABLE TOLLING WHEN
26  NOT IN CONFLICT WITH FEDERAL LAW. HARDIN V.
27  STRAUB, 490 U.S. 536, 537-39, 109 S.Ct 1998,
28  104 L.Ed. 2d 582 (1989); FINK V. SHEDLER, 192

F.3d 911, 914 (9TH CIR. 1999) CALIFORNIA PROVIDES THAT THE APPLICABLE LIMITATION PERIOD IS TOLLED FOR TWO YEARS ON GROUNDS OF "DISABILITY" WHEN A LITIGANT IS INCARCERATED FOR A TERM LESS THAN LIFE CAL CODE. CIV. PROC. § 352.1 (a) THIS TOLLING PROVISION OPERATES TO DELAY THE RUNNING OF THE LIMITATIONS PERIOD. CARLSON V. BLATT, 87 CAL. APP. 4TH 646, 650, 150 CAL. RPTR. 2d 42 (2001) (IMPRISONMENT TOLLS RUNNING OF LIMITATIONS PERIOD FOR TWO YEARS FROM ACCRUAL OF CAUSE OF ACTION); JHONSON V. STATE OF CALIFORNIA, 207 F.3d 650, 654, (9TH CIR 2000) ACCORDINGLY, CALIFORNIA INMATES HAVE A TOTAL OF FOUR (4) YEARS FROM THE ACCRUAL OF A CAUSE OF ACTION TO FILE A COMPLAINT.

ANALYSIS

CITING CALIFORNIA CODE OF CIVIL PROCEDURE § 335.1, DEFENDANTS ARGUE THAT PLAINTIFF HAD TWO YEARS FROM THE DATE HE DISCOVERED HIS INJURY IN APRIL 2011 TO FILE A TIMELY CIVIL RIGHTS ACTION. DEFENDANTS ARGUE THAT THE INSTANT ACTION, FILED ON FEBRUARY 12, 2014, IS NOT TIMELY BECAUSE IT WAS NOT FILED WITHIN TWO YEARS OF APRIL 2011.

13.

1   IN CALCULATING THE STATUTE OF LIMITATIONS,
2   DEFENDANTS OMIT THE TWO YEARS OF TOLLING TO
3   WHICH PLAINTIFF IS ENTITLED UNDER CALIFORNIA
4   CODE OF CIVIL PROCEDURE § 352.1 (a) THUS, PLAINTIFF
5   HAD FOUR (4) YEARS FROM APRIL 2011 TO FILE
6   A TIMELY CIVIL RIGHTS ACTION. THE INSTANT
7   CIVIL RIGHTS ACTION IS NOT BARRED BY THE
8   STATUTE OF LIMITATIONS BECAUSE IT WAS FILED
9   WITHIN FOUR (4) YEARS OF APRIL 2011. BANKS
10  V. U.C. REGENTS, 2016 U.S. DIST LEXIS 17839
11  (E.D. FEBRUARY 12, 2016)
12      IN THE INSTANT CASE PLAINTIFF FILED
13  HIS COMPLAINT MARCH 24, 2015 WHICH IS WITHIN
14  FOUR (4) YEARS OF AUGUST OR SEPTEMBER 2011
15  EVEN THE DEFENDANT ADMIT PLAINTIFF'S COMPLAINT
16  WAS FILED WITHIN FOUR (4) YEARS SEE (DOC 55 FILED
17  1-11-17 PAGE 12 OF 22 PAGE ID #: 540). JUST AS
18  THE DEFENDANTS IN THE BANKS V. U.C. REGENTS,
19  2016 U.S. DIST. LEXIS 17839 CASE ARGUED THAT THE
20  PLAINTIFF HAD TWO (2) YEARS FROM THE DATE HE
21  DISCOVERED HIS INJURY IN APRIL 2011 AND DEFENDANTS
22  OMIT THE TWO YEARS OF TOLLING TO WHICH PLAINTIFF
23  IS ENTITLED UNDER CCP § 352.1 THE DEFENDANTS
24  IN THE INSTANT CASE OMIT THE TWO YEARS OF
25  TOLLING AS WELL.
26      FINALLY IN BROOKS V. MERCY HOSPITAL (CAL.
27  APP. 5TH DIST JULY 1, 2016). 204 CAL RPTR 3d 289,
28  1 CAL. APP 5TH 1, 2016 CAL. APP. LEXIS 541. UNDER

14

1  A LONGSTANDING JUDICIAL CONSTRUCTION OF CAL.
2  CODE. CIV. PROC § 352.1, THE PHRASE " FOR A TERM
3  LESS THAN LIFE " MEANS THAT ONLY THOSE
4  SENTENCE TO LIFE WITHOUT POSSIBILITY OF PAROLE
5  SHOULD BE EXCLUDED FROM THE TOLLING PROVISION.
6  ACCORDINGLY, BECAUSE A PRISON INMATE'S LIFE
7  SENTENCE INCLUDED THE POSSIBILITY OF PAROLE, §
8  352.1 WAS APPLICABLE TO HIM, AND A TRIAL
9  COURT THUS ERRED IN CONCLUDING THAT THE
10 STATUTE OF LIMITATIONS HAD EXPIRED ON HIS
11 MEDICAL MALPRACTICE CLAIM AGAINST A HOSPITAL.
12 BROOK V. MERCY HOSPITAL, ( CAL. APP. 5TH DIST JULY
13 1, 2016) 204 CAL RPTR 3d. 289, 1 CAL. APP 5TH 1,
14 2016 CAL APP. LEXIS 541.
15     SECTION 352.1, THE SPECIAL TOLLING PROVISION
16 RELATING TO PRISONERS, PROVIDES IN RELEVANT
17 PART AS FOLLOWS: " IF A PERSON ENTITLED TO
18 BRING AN ACTION ... IS, AT THE TIME CAUSE OF
19 ACTION ACCRUED, IMPRISONED ON A CRIMINAL
20 CHARGE, OR IN EXECUTION UNDER THE SENTENCE
21 OF A CRIMINAL COURT, FOR A TERM LESS THAN
22 LIFE, THE TIME OF THAT DISABILITY IS NOT A
23 PART OF THE TIME LIMITED FOR THE COMMENCMENT
24 OF THE ACTION, NOT TO EXCEED TWO YEARS "
25 ( § 352.1 SUBd. (a) ) MOREOVER, IN MARTINEZ
26 V. GOMEZ 137, F3d. 1124 ( 9TH CIR. 1998 ) THE COURT
27 REVERSED THE ORDER OF THE DISTRICT COURT
28 DISMISSING PLAINTIFF PRISONER'S SUIT ALLEGING

15

1    EXCESSIVE FORCE AS TIME BARRED AND REMANDED

2    THE CASE. THE COURT EXPLAINED THAT THE

3    CALIFORNIA STATUTE TOLLING THE STATUTE OF

4    LIMITATIONS APPLIED BECAUSE CALIFORNIA CASE

5    LAW PROVIDED THAT A PRISONER SERVING A

6    LIFE SENTENCE RECEIVED THE BENEFIT OF

7    TOLLING.

8         IN THIS CASE THE COURT CONSIDERED

9    WHETHER A PRISON SENTENCE OF LIFE WITH

10   THE POSSIBILITY OF PAROLE FALLS WITHIN CCP

11   § 352 (a)(3) WHICH TOLLS THE STATUTE OF

12   FOR PERSONS " IN EXECUTION UNDER THE

13   SENTENCE OF A CRIMINAL COURT FOR A TERM

14   LESS THAN LIFE ". THE DISTRICT COURT HAD

15   JURISDICTION UNDER 28 U.S.C. § 1331 AND

16   42 U.S.C § 1983 THE COURT STATED:

17        " WE HAVE JURISDICTION OVER THIS

18        TIMELY FILED APPEAL PURSUANT TO

19        28 USC § 1291 AND WE REVERSE

20        AND REMAND.

21

22        CALIFORNIA CODE OF CIVIL PROCEDURE § 352 (a)

23   (3) WHICH WAS AMENDED BY CALIFORNIA CODE OF

24   CIVIL PROCEDURE § 352.1 SEE MARTINEZ, 137 F.3d

25   AT 1125-26

26

27

28

16.

IV.     WHEN A PLAINTIFF APPEARS PRO SE,
THE COURT HAS AN OBLIGATION TO
CONSTRUE THE PLAINTIFF'S COMPLAINT
LIBERALLY.

     IN CONSIDERING A MOTION TO DISMISS,
THE COURT MUST ACCEPT ALL ALLEGATIONS OF
MATERIAL FACT IN THE COMPLAINT AS TRUE.
SEE ERICKSON V. PARDUS, 551 U.S. 89, 93-94,
127 S. Ct 2197, 167 L. Ed. 2d 1081 (2007). THE
COURT MUST ALSO CONSTRUE THE ALLEGED FACTS
IN THE LIGHT MOST FAVORABLE TO THE PLAINTIFF
SEE SCHEUER V. RHODES, 416. U.S. 232, 236, 94
S. Ct 1683, 40 L. Ed 2d 90 (1974); SEE ALSO
HOSP. BLDG. CO. V. REX HOSP. TRUSTEES, 425
U.S. 738, 740, 96 S. Ct. 1848, 48 L. Ed 2d 338
(1976); BARNETT V. CENTONI, 31 F. 3d 813, 816
(9TH CIR. 1994) (PER CURIAM). ALL AMBIGUITIES
OR DOUBTS MUST ALSO BE RESOLVED IN THE
PLAINTIFF'S FAVOR. SEE JENKINS V. MCKEITHEN,
395 U.S 411, 421, 89 S. Ct 1843, 23 L. Ed 2d
404 (1969) HOWEVER, LEGALLY CONCLUSORY
STATEMENTS, NOT SUPPORTED BY ACTUAL FACTUAL
ALLEGATIONS, NEED NOT BE ACCEPTED. SEE
ASHCROFT V. IQBAL, 566 U.S 662, 129 S. Ct
1937, 1949-50, 173 L. Ed. 2d 868 (2009). IN
ADDITION, PRO SEE PLEADINGS ARE HELD TO A
LESS STRINGENT STANDARD THAN THOSE

17.

1  DRAFTED BY LAWYERS. SEE HAINES V. KERNER,
2  404 U.S 519, 520, 92 S.Ct. 594, 30 L.Ed. 2d
3  652 (1972); SONNTAG V. NEV. COUNTY, 2011 U.S.
4  DIST. LEXIS 99961 (E.D. CAL., SEPT. 6, 2011).
5  WHEN A PLAINTIFF APPEARS PRO SE, THE COURT
6  HAS AN OBLIGATION TO CONSTRUE THE PLAINTIFF'S
7  COMPLAINT LIBERALLY. SEE BERNHART V. LOS
8  ANGELES COUNTY 339 F. 3d 920, 925 (9TH CIR. 2003)
9  PRO SE PLAINTIFFS IN A CIVIL RIGHTS ACTION
10 MUST BE AFFORDED THE BENEFIT OF ANY DOUBT.
11 SEE KARIM-PANAHI V. LOS ANGELES POLICE
12 DEPT., 839 F. 2d 621, 623 (9TH CIR. 1988)

13

14 V.    EQUITABLE TOLLING DOCTRINE IS TO
15       SOFTEN THE HARSH IMPACT OF TECHNICAL
16       RULES WHICH MIGHT OTHERWISE PREVENT
17       A GOOD FAITH LITIGANT FROM HAVING
18       A DAY IN COURT

19

20       CALIFORNIA LAW " ' OPERATES INDEPENDENTLY
21 OF THE LITERAL WORDING OF THE CODE OF CIVIL
22 PROCEDURE ' TO SUSPEND OR EXTEND A STATUTE
23 OF LIMITATIONS AS NECESSARY TO ENSURE
24 FUNDAMENTAL PRACTICALITY AND FAIRNESS."
25 LANTZY V. CENTEX HOMES, 31 CAL 4TH 363, 2
26 CAL. RPTR. 3d 655, 660, 73 P. 3d 517, 523(2003)
27 ( CITATION AND INTERNAL QUOTATION MARKS OMITTED)
28 THE PURPOSE OF CALIFORNIA'S EQUITABLE TOLLING

1  DOCTRINE " IS TO SOFTEN THE HARSH IMPACT OF
2  TECHNICAL RULES WHICH MIGHT OTHERWISE PREVENT
3  A GOOD FAITH LITIGANT FROM HAVING A DAY IN
4  COURT. " DAVITON V. COLUMBIA/HCA HEALTHCARE
5  CORP., 241 F.3d 1131, 1137 (9TH CIR. 2001) (en
6  banc) (QUOTING ADDISON V. STATE, 21 CAL.3d
7  313, 146 CAL. RPTR 224 225, 578 P.2d 941, 942
8  (1978) (INTERNAL QUOTATION MARKS OMITTED)
9  THUS CALIFORNIA COURTS APPLY EQUITABLE
10 TOLLING " TO PREVENT THE UNJUST TECHNICAL
11 FORFEITURE OF CAUSES OF ACTION, WHERE THE
12 DEFENDANT WOULD SUFFER NO PREJUDICE. "
13 LANTZY 2 CAL. RPTR. 3d AT 660, 73 P.3d AT
14 523. APPLICATION OF CALIFORNIA'S EQUITABLE
15 TOLLING DOCTRINE " REQUIRES A BALANCING
16 OF THE INJUSTICE TO THE PLAINTIFF OCCASIONED
17 BY THE BAR OF HIS CLAIM AGAINST THE EFFECT
18 UPON THE IMPORTANT PUBLIC INTREST OR POLICY
19 EXPRESSED BY THE ... LIMITATIONS STATUTE. "
20 ID AT 660, 73 P.3d AT 524 (QUOTING ADDISON,
21 146 CAL. RPTR. AT 228, 578 P.2d AT 945)
22 (INTERNAL QUOTATION MARKS OMITTED) (OMISSION
23 IN ORIGINAL)
24     THE LAW PROVIDES FOR TOLLING FOR CRIMINAL
25 INMATES " IN RECOGNITION OF THEIR MORE
26 LIMITED ABILITY TO INVESTIGATE THEIR CLAIMS,
27 TO CONTACT LAWYERS AND TO AVAIL THEMSELVES
28 OF THE JUDICIAL PROCESS, " THE COURT IN

19.

1 JONES V. BLANAS 393, F.3d 918 (9TH CIR 2004)
2 HAVE EMPHASIZED THAT "[I]N TERMS OF
3 LIMITATIONS ON THE PRISONER, CONTINUOUS
4 CUSTODY IS THE RELEVANT DISABILITY."
5 ELLIOTT V. CITY OF UNION CITY, 25 F.3d 800,
6 803 (9TH CIR. 1994) FOR THAT REASON THE BLANAS
7 COURT HELD THAT " ACTUAL UNINTERUPTED
8 INCARCERATION IS THE TOUCHSTONE " FOR APPLYING
9 CALIFORNIA'S TOLLING PROVISION FOR THE
10 DISABILITY OF IMPRISONMENT SEE JONES V.
11 BLANAS 393 F.3d 918 (9TH CIR 2004).
12   PLAINTIFF, ANTHONY BROWN'S UNINTERUPTED
13 INCARCERATION IS THE TOUCHSTONE FOR APPLYING
14 CALIFORNIA'S TOLLING PROVISION FOR THE
15 DISABILITY OF IMPRISONMENT CALIFORNIA CODE
16 OF CIVIL PROCEDURE § 352.1. THE TOLLING
17 STATUTE IS APPLICABLE TO INMATES SERVING
18 A LIFE SENTENCE WITH THE POSSIBILITY OF
19 PAROLE SUCH AS PLAINTIFF. SEE MARTINEZ
20 V. GOMEZ, 137 F.3d 1124, 1126 (9TH CIR. 1998)
21
22   THE INCIDENT GIVING RISE TO PLAINTIFF
23 ANTHONY BROWN'S COMPLAINT EXHIBIT 1 ATTACHED
24 OCCURRED AUGUST 08, 2011 THROUGH SEPTEMBER
25 2011 EXHIBIT-4 ATTACHED AT WHICH POINT THE
26 DEFENDANTS TOOK PLAINTIFF TO LAC STATE PRISON
27 AND FROM SEPTEMBER 2011 THROUGH SEPTEMBER
28 2014 THE FBI AND U.S. ATTORNEY'S OFFICE

1  DEBRIEFED PLAINTIFF REGARDING THE DEFENDANTS
2  AS THE FBI / USAO WERE BUILDING THE
3  CRIMINAL CASES (CR-13-00819, CR-15-0255 AND
4  CR-16-0066) AGAINST DEFENDANTS. PLEASE SEE
5  EXHIBIT-3 AND EXHIBIT-4 ATTACHED THEREAFTER,
6  PLAINTIFF WAS ALLOWED TO OBTAIN COUNSEL
7  AND THE COMPLAINT EXHIBIT 1 ATTACHED WAS
8  FILED IN A TIMELY FASHION).
9       PLAINTIFF ANTHONY BROWN HAD A MAXIMUM
10  OF FOUR (4) YEARS TO FILE AN ACTION:
11  TWO YEARS FOR THE PERSONAL INJURY CAUSE
12  OF ACTION; AND TWO YEARS FOR THE DISABILITY OF
13  IMPRISONMENT. SEE MALDONADO, 370 F.3d
14  AT 954, CAL CIV. PROC. CODE § 352.1 (a)
15  SEE ALSO SMITH V. COOPER, 2012 U.S. DIST
16  LEXIS 44134 AND BANKS V. U.C. REGENTS,
17  2016 U.S. DIST LEXIS 17839 (E.D FEBRUARY
18  12, 2016)
19       PLAINTIFF CONTENDS JUST AS NO ONE
20  THOUGHT THAT THE DEFENDANTS IN THIS CASE
21  WOULD BE CONVICTED DUE TO POLICE CORRUPTION
22  AND MISCONDUCT RELATED TO PLAINTIFF SEE
23  U.S. DISTRICT COURT CRIMINAL CASE NUMBERS
24  CR-13-00819, CR-15-0255 AND CR-16-0066
25  RE: THE DEFENDANTS. PLAINTIFF ANTHONY
26  BROWN IS CONFIDENT THAT HIS CRIMINAL
27  CONVICTION RE: CASE NO BA360070 WILL BE
28  OVERTURNED DUE TO POLICE CORRUPTION AND

21

1   MISCONDUCT AS WELL.

2

3   THE COURT SHOULD NOT IGNORE ESTABLISHED
4   LAW AT THE BEHEST OF THE DEFENDANTS
5   HOWEVER, THIS COURT MUST EMBRACE THE LAW.

6

7

8

9

10   CONCLUSION

11

12   FOR THE FOREGOING REASONS PLAINTIFF
13   ANTHONY BROWN RESPECTFULLY OBJECT TO THE
14   MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
15   RE: DEFENDANTS MOTION FOR JUDGMENT ON THE
16   PLEADINGS; AND RESPECTFULLY REQUEST THAT THE
17   COURT DISMISS THE DEFENDANTS MOTION FOR
18   JUDGMENT ON THE PLEADINGS

19

20

21   DATED: AUGUST 17, 2018        BY: _____

22                                        ANTHONY BROWN SR
23                                        PRO-SE PLAINTIFF

24

25

26

27

28

22

PROOF OF SERVICE BY UNITED STATES MAIL

I, _ANTHONY BROWN_, am over the age of eighteen years, a
resident and prisoner of the State of California with a present mailing
address of:

On _AUGUST 17, 2018_, I served the following document(s):

_OBJECTIONS TO THE AMENDED REPORT AND_
_RECOMMENDATION_

by placing the document(s) in a sealed envelope(s), with First Class
postage having been placed thereon. Delivered the envelope(s) to a
Correctional Officer who then signed & dated the back of the envelope
and s/he then deposited such envelope(s) in the prisons internal legal
mail system for processing and delivery to the United States Postal
Service, for delivery to the addressee(s):

HURRELL CANTRALL LLP                LAWRENCE BEACH ALLEN
300 SOUTH GRAND AVE                 & CHOI. PC
SUITE 1300                          100 WEST BROADWAY,
LOS ANGELES, CA 90071               SUITE 1200
                                    GLENDALE, CA 91210-1219

I declare that there has been regular U.S. mail pick-up by the
Correctional Officers at the prison where I posted the envelope(s) and
regular communication by mail between the place of mailing and the
place(s) so addressed.

I declare under penalty of perjury under the laws of the State of
California and the United States that the forgoing is true and correct
and the this declaration was executed on _AUGUST 17, 2018_,
at _IONE, CALIFORNIA_

_____
Declarant

NOTE: Pursuant to the holdings in Houston v. Lack (1988) 487 U.S. 266,
108 S.Ct. 2379, 101 L.Ed.2d 245; and, In re Jordan (1992) 4 Cal.4th
116, 13 Cal.Rptr.2d 878, 840 P.2d 983, (inmate legal documents are
deemed filed on the date they are delivered to prison staff for
processing and mailing via the institutions internal legal mail
procedures).

# EXHIBIT 2