**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 25 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY BROWN, Sr., | No. 19-55218 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02162-DDP-FFM |
| v. | |
| COUNTY OF LOS ANGELES; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted November 9, 2020
Pasadena, California

Before: PARKER,** WATFORD, and BUMATAY, Circuit Judges.

Anthony Brown, Sr., appeals the district court's order dismissing his lawsuit because it was filed outside the applicable California limitations period. We review de novo a dismissal on the pleadings for untimeliness. *Jones v. Blanas*, 393 F.3d 918, 926 (9th Cir. 2004). Additionally, we must apply California tolling law as

---

    *  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

interpreted by the California courts. *Martinez v. Gomez*, 137 F.3d 1124, 1126 (9th Cir. 1998). We reverse and remand.

California law allows prisoners sentenced "for a term less than for life" to toll their limitations period. Cal. Civ. Proc. Code § 352.1(a). When considering the applicability of California law, we apply the controlling decisions of California's highest court or, without "a controlling decision from a state supreme court, [we] interpret state law as [we] believe[] the state's highest court would." *Dias v. Elique*, 436 F.3d 1125, 1129 (9th Cir. 2006). A state appellate court decision is "datum for ascertaining state law" which we will not disregard unless we are "convinced by other persuasive data that the highest court of the state would decide otherwise." *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017) (simplified). Because Brown was not sentenced to life without the possibility of parole ("LWOP"),[1] we hold that he may toll under California law.

In *Grasso v. McDonough Power Equipment, Inc.*, 70 Cal. Rptr. 458 (Ct. App. 1968), a California appellate court considered the "for a term less than for life" language in § 352(a)—the predecessor statute to § 352.1—and concluded that it only barred prisoners serving LWOP sentences from tolling. *Id.* at 460–61. In coming to its conclusion, the *Grasso* court emphasized that, when the statute was enacted in

---

[1] Brown is serving a sentence of 423 years to life with the possibility of parole after 145 years.

1872, life-term prisoners could not be paroled and their civil rights were permanently suspended. *Id.* at 459–61. Consequently, allowing tolling for prisoners sentenced to life would have been a "sardonic favor." *Id.* at 460. Nevertheless, by 1968, prisoners could be sentenced to life with the possibility of parole and even petition to have their civil rights restored. *Id.* at 459–61. Against this historical backdrop, the court held that only the "*very limited* class of prisoners serving life terms without possibility of parole" were barred from tolling. *Id.* at 461 (emphasis added). The court further justified its narrow reading by emphasizing that, if the provision were read to exclude "all life termers," it would defeat some otherwise "meritorious actions" and wrongfully grant civil defendants a benefit deriving from the type of offense committed by the injured prisoner. *Id.*

When the current prisoner tolling statute, § 352.1, was passed in 1994, the California Legislature used the same "for a term less than for life" language from § 352(a) to limit tolling. In 2016, a California appellate court, in *Brooks v. Mercy Hospital*, 204 Cal. Rptr. 3d 289 (Ct. App. 2016), considered whether § 352.1 barred tolling for prisoners serving life sentences with the possibility of parole. The court applied the well-worn canon that "where the language of a statute uses terms that have been judicially construed," replication of the language indicates legislative approval of the judicial interpretation attached to the terms. *Id.* at 293. Accordingly, the court concluded that *Grasso* was applicable to § 352.1 and "only those sentenced

3

to life without possibility of parole should be excluded from the tolling provision." *Id.* at 292.

Thus, the only two California decisions construing § 352.1's tolling language, "a term less than for life," establish a categorical rule: a prisoner sentenced to life with the possibility of parole may toll his limitations period. We adopt this interpretation of § 352.1. This conclusion matches *Grasso*'s discussion of the historical context and emphasis on the limited class of prisoners excluded from tolling. It accords with the California courts' lack of inquiry into the anticipated life expectancy of the prisoner or other circumstances which may bear on that question. And it comports with how California's broader regulatory and statutory scheme categorically differentiates between prisoners sentenced to life with the possibility of parole and those sentenced to LWOP. *See, e.g.*, 15 Cal. Code Regs tit. 15, § 3043.2(b) (allowing a prisoner to earn good conduct credits if he is serving a sentence of life with the possibility of parole while barring an LWOP prisoner from doing the same); *id.* § 3375.2 (setting minimum security standards for institutions housing prisoners sentenced to life with the possibility of parole that differ from the standards for LWOP prisoners).

The County of Los Angeles argues, and the district court accepted, that the California Supreme Court's decision in *People v. Caballero* demonstrates that the California Supreme Court would apply a functional test to determine LWOP status

4

5

in this case. *See* 145 Cal. Rptr. 3d 286, 295 (2012) (concluding that a life sentence with the possibility of parole after 110 years was the "functional equivalent" of an LWOP sentence). Nevertheless, *Caballero* merely involved a narrow application of United States Supreme Court precedent in the Eighth Amendment context. We are unpersuaded that the court's reasoning there, constrained by Supreme Court precedent and focused on the individualized assessment applicable in the Eighth Amendment sphere, would be applied in the tolling context.

Accordingly, because Brown was sentenced to "a term less than for life," he may toll.

**REVERSED AND REMANDED.**