PAUL B. BEACH, State Bar No. 166265
pbeach@lbaclaw.com
LAWRENCE BEACH ALLEN & CHOI, PC
100 West Broadway, Suite 1200
Glendale, California 91210-1219
Telephone No. (818) 545-1925
Facsimile No. (818) 545-1937

Attorneys for Defendants
Undersheriff Paul Tanaka and Captain William Carey

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF LEROY D. BACA, UNDERSHERIFF PAUL TANAKA, CAPTAIN WILLIAM CAREY, LIEUTENANT GREGORY THOMPSON, LIEUTENANT STEPHEN LEAVINS, SERGEANT SCOTT CRAIG, SERGEANT MARCIELLA LONG, DEPUTY GERARD SMITH, DEPUTY MICKEY MANZO, DEPUTY JAMES SEXTON, individually and in their official capacities, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:15-cv-02162-DDP-E<br><br>Honorable Dean D. Pregerson<br><br>**DEFENDANTS UNDERSHERIFF PAUL TANAKA AND CAPTAIN WILLIAM CAREY'S ANSWER TO PLAINTIFF'S COMPLAINT; DEMAND FOR JURY TRIAL** |

TO THE HONORABLE COURT, ALL PARTIES, AND TO THEIR ATTORNEYS OF RECORD:

Defendants Undersheriff Paul Tanaka and Captain William Carey ("Answering Defendants") answer to Plaintiff Anthony Brown's Complaint ("Complaint") for themselves alone and for no others as follows:

1

BROWN,A\ANSWER

In answer to paragraph 1 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff is attempting to assert six causes of action, all under federal law, including pursuant to 42 U.S.C. §§ 1983 and 1988 and 29 U.S.C. § 701, *et seq.*

2. In answer to paragraph 2 of Plaintiff's Complaint, Answering Defendants admit that the Court has jurisdiction over this matter pursuant based on federal question jurisdiction pursuant to Plaintiff's claims brought under 42 U.S.C. §§ 1983 and 1988, and 29 U.S.C. § 701, *et seq.*, 42 U.S.C. § 12131, *et seq.*, 28 U.S.C. §§ 1331 and 1343. With respect to the remaining allegations, Answering Defendants are without sufficient knowledge or information, at this time, to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every remaining allegation.

3. In answer to paragraph 3 of Plaintiff's Complaint, Answering Defendants admit that venue is proper in the United States District Court, Central District of California. Answering Defendants admit the incident giving rise to this lawsuit occurred in Los Angeles, California, but deny that Plaintiff was injured as a result of any conduct of Answering Defendants.

4. In answer to paragraph 4 of Plaintiff's Complaint, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis, deny each and every allegation contained therein.

5. In answer to paragraph 5 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

6. In answer to paragraph 6 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff was an individual in the custody of the Los Angeles County Sheriff's Department for a period of time prior to and during September 2011. As to all other allegations, Answering Defendants state that the allegations are vague and ambiguous with respect to the terms "serious" and

2

BROWN,A\ANSWER

"chronic," and as such, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph. On that basis, the Answering Defendants deny each and every such allegation in said paragraph.

7. In answer to paragraph 7 of Plaintiff's Complaint, Answering Defendants admit that the named defendants in this lawsuit were law enforcement officers employed with the County of Los Angeles for a period of time prior to and during September 2011. The Answering Defendants also admit that Plaintiff is suing the individual defendants in both their individual and official capacity. As to all remaining allegations in the paragraph, they are vague and ambiguous, and as such, Answering Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph. On that basis, the Answering Defendants deny each and every such allegation in said paragraph.

8. In answer to paragraph 8 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff is suing Does 1 through 10 in their official and individual capacities. The Answering Defendants deny each and every other allegation in that paragraph.

9. In answer to paragraph 9 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

10. In answer to paragraph 10 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

11. In answer to paragraph 11 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

12. In answer to paragraph 12 of Plaintiff's Complaint, Answering Defendants admit Plaintiff is attempting to assert a cause of action for violation of

BROWN,A\ANSWER

rights secured by the Eighth Amendment to the United States Constitution under 42 U.S.C. §§ 1983 and 1988.

13. In answer to paragraph 13 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

14. In answer to paragraph 14 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

15. In answer to paragraph 15 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

16. In answer to paragraph 16 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

17. In answer to paragraph 17 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

18. In answer to paragraph 18 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

19. In answer to paragraph 19 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

20. In answer to paragraph 20 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

21. In answer to paragraph 21 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

22. In answer to paragraph 22 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

23. In answer to paragraph 23 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

24. In answer to paragraph 24 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

25. In answer to paragraph 25 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

26. In answer to paragraph 26 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

27. In answer to paragraph 27 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

28. In answer to paragraph 28 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

29. In answer to paragraph 29 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

30. In answer to paragraph 30 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

31. In answer to paragraph 31 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

32. In answer to paragraph 32 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

33. In answer to paragraph 33 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

34. In answer to paragraph 34 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

35. In answer to paragraph 35 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

36. In answer to paragraph 36 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

37. In answer to paragraph 37 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

38. In answer to paragraph 38 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

39. In answer to paragraph 39 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

40. In answering paragraph 40 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff was in the custody of the Los Angeles County Sheriff's Department for a period of time in and/or around August and September 2011. The remaining allegations of paragraph 40 are vague and ambiguous, such that the Answering Defendants are without sufficient knowledge to form a belief as to the truth of the matters, and on that basis, deny each and every such allegation.

41. In answer to paragraph 41 of Plaintiff's Complaint, Answering Defendants admit that Plaintiff's medical records at the jail may have contained information about his medical conditions, if any. As to all other allegations in paragraph 41, Answering Defendants deny each and every allegation in said paragraph.

42. In answer to paragraph 42 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

43. In answer to paragraph 43 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

44. In answer to paragraph 44 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

45. In answer to paragraph 45 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

46. In answer to paragraph 46 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

47. In answer to paragraph 47 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by

reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

48. In answer to paragraph 48 of Plaintiff's Complaint, Answering Defendants admit Plaintiff is attempting to assert a cause of action for retaliation in violation of his First Amendment rights.

49. In answer to paragraph 49 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

50. In answer to paragraph 50 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

51. In answer to paragraph 51 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

52. In answer to paragraph 52 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

53. In answer to paragraph 53 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

54. In answer to paragraph 54 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

55. In answer to paragraph 55 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

56. In answer to paragraph 56 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

57. In answer to paragraph 57 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

58. In answer to paragraph 58 of Plaintiff's Complaint, Answering Defendants admit Plaintiff is attempting to allege a claim for violation of 29 U.S.C. § 701, *et seq*.

59. In answer to paragraph 59 of Plaintiff's Complaint, Answering Defendants state that 29 U.S.C. § 794(a) does not define the meaning of "federal financial assistance." Therefore, the allegations in this paragraph are vague and ambiguous such that the Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations.

60. In answer to paragraph 60 of Plaintiff's Complaint, Answering Defendants state that they are without sufficient knowledge to form a belief as to the truth of the matters asserted, and on that basis, they deny and every allegation in said paragraph.

61. In answer to paragraph 61 of Plaintiff's Complaint, the Answering Defendants state that they are without sufficient knowledge to form a belief as to the truth of the matters asserted, and on that basis, they deny and every allegation in said paragraph.

62. In answer to paragraph 62 of Plaintiff's Complaint, Answering Defendants state that 29 U.S.C. § 794(a) does not define the meaning of "programs or activities." Therefore, the allegations in this paragraph are vague and ambiguous such that the Answering Defendants are without sufficient knowledge to form a belief as to the truth of the allegations.

63. In answer to paragraph 63 of Plaintiff's Complaint, Answering Defendants state that the allegations in said paragraph are so vague and ambiguous such that are without sufficient knowledge to form a belief on the truth of the matters stated, and on that basis, deny each and every allegation in said paragraph.

64. In answer to paragraph 64 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

65. In answer to paragraph 65 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

66. In answer to paragraph 66 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

67. In answer to paragraph 67 of Plaintiff's Complaint, Answering Defendants acknowledge that Plaintiff is realleging and incorporating by reference prior allegations, and these Answering Defendants deny said allegations to the extent previously denied.

68. In answer to paragraph 68 of Plaintiff's Complaint, Answering Defendants admit Plaintiff is attempting to assert a cause of action for conspiracy under federal law to violate his civil rights.

69. In answer to paragraph 69 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

70. In answer to paragraph 70 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

71. In answer to paragraph 71 of Plaintiff's Complaint, Answering Defendants deny each and every allegation in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

72. The individual Defendants are entitled to qualified immunity since the applicable law was not clearly established and since a reasonable official in their positions could have believed their conduct was lawful.

### SECOND AFFIRMATIVE DEFENSE

73. Plaintiff's Complaint fails to state a cause of action against Defendants.

### THIRD AFFIRMATIVE DEFENSE

74. Plaintiff's claims are barred by the doctrine of judicial estoppel.

### FOURTH AFFIRMATIVE DEFENSE

75. Plaintiff's claims are barred by the doctrine of equitable estoppel.

///

## FIFTH AFFIRMATIVE DEFENSE

76. Plaintiff's claims are barred by the doctrine of collateral estoppel/res judicata.

## SIXTH AFFIRMATIVE DEFENSE

77. Plaintiff's suit and the relief sought therein are barred by the Prison Litigation Reform Act, i.e., 42 U.S.C. § 1997e et seq.

## SEVENTH AFFIRMATIVE DEFENSE

78. Plaintiff's claims are barred by the doctrine of unclean hands.

## EIGHTH AFFIRMATIVE DEFENSE

79. Plaintiff's claims are barred by the doctrine of laches.

## NINTH AFFIRMATIVE DEFENSE

80. Plaintiff failed to mitigate his damages.

## TENTH AFFIRMATIVE DEFENSE

81. Plaintiff's Complaint fails to state a cause of action against these Defendants because, pursuant to *Monell v. Department of Social Services of the City of New York*, 436 U.S. 658 (1978), there can be no recovery for a federal civil rights violation where there is no constitutional deprivation occurring pursuant to governmental policy or custom.

## ELEVENTH AFFIRMATIVE DEFENSE

82. Pursuant to California Government Code § 818, and *Newport City v. Fact Concerts, Inc.*, 453 U.S. 247 (1981), the public entity Defendants are not liable for exemplary or punitive damages in any sum, or at all.

## TWELFTH AFFIRMATIVE DEFENSE

83. The County Sheriff and his subordinates act on behalf of the state, not the County, when engaged in law enforcement activities. Consequently, any policies, practices, or customs alleged in the Complaint are not those of the County.

///

BROWN,A\ANSWER

**THIRTEENTH AFFIRMATIVE DEFENSE**

84. Defendants are immune from liability under the Eleventh Amendment to the Constitution of the United States.

**FOURTEENTH AFFIRMATIVE DEFENSE**

85. Plaintiff's Complaint does not state facts sufficient to constitute a cause of action against these Defendants under 42 U.S.C. § 1983 because pursuant to *Parratt v. Taylor*, 451 U.S. 527 (1981), simple negligence is not a federal civil rights violation.

**FIFTEENTH AFFIRMATIVE DEFENSE**

86. Defendants are entitled to quasi-judicial immunity.

**SIXTEENTH AFFIRMATIVE DEFENSE**

87. A conspiracy cannot be generally alleged in an action brought under the Civil Rights Act.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

88. Under the Civil Rights Act, where intent is an element of the claim, the facts must be alleged in the Complaint with specificity.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

89. That the damages, if any, should be in direct proportion to the fault of these Defendants, if any, as provided by California Civil Code §§ 1431 to 1431.5.

**NINETEENTH AFFIRMATIVE DEFENSE**

90. To the extent that Plaintiff suffered any detriment, such detriment was caused or contributed to by Plaintiff's negligence and damage, if any, should be reduced in direct proportion to his fault.

**TWENTIETH AFFIRMATIVE DEFENSE**

91. The injuries and damages alleged by Plaintiff were proximately caused by the negligence, conduct, and liability of other persons or entities, and these Defendants request that an allocation of such negligence, conduct, and liability be

made among such other persons or entities and that, if any liability is found on the part of these Defendants, judgment against these Defendants be only in an amount which is proportionate to the extent and percentage by which these Defendants' acts or omissions contributed to Plaintiff's injuries or damages, if at all.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

92. The negligence of a third-party or parties was a superseding, intervening cause of Plaintiff's injuries.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

93. Because Plaintiff's Complaint is couched in conclusory terms, these answering Defendants cannot fully anticipate all the affirmative defenses that may be applicable to the within action.  Accordingly, the right to assert additional affirmative defenses, if and to the extent that such affirmative defenses are applicable, is hereby reserved.

WHEREFORE, Answering Defendants pray for judgment as follows:

1. That Plaintiff takes nothing by reason of his Complaint, and that judgment be entered in favor of Answering Defendants;

2. That Answering Defendants recover their costs of suit incurred herein, including reasonable attorneys' fees; and

3. For such other and further relief as the Court deems proper and just.

Dated:  March 5, 2021               LAWRENCE BEACH ALLEN & CHOI, PC


                                    By _____/s/ Paul B. Beach_____
                                        Paul B. Beach
                                        Attorneys for Defendants
                                        Undersheriff Paul Tanaka and
                                        Captain William Carey

BROWN,A\ANSWER

# DEMAND FOR JURY TRIAL

Defendants Undersheriff Paul Tanaka and Captain William Carey hereby respectfully demand a trial by jury on all claims in the within action as provided by *Federal Rules of Civil Procedure*, Rules 38(a) and (b).

Dated: March 5, 2021                LAWRENCE BEACH ALLEN & CHOI, PC


By _____/s/ Paul B. Beach_____
　　Paul B. Beach
　　Attorneys for Defendants
　　Undersheriff Paul Tanaka and
　　Captain William Carey