SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
gnishimura@snw-law.com
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendant JAMES SEXTON

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY BROWN,<br><br>   Plaintiff,<br><br>   vs.<br><br>COUNTY OF LOS ANGELES, SHERIFF LEROY D. BACA, UNDERSHERIFF PAUL TANAKA, CAPTAIN WILLIAM CAREY, LIEUTENANT GREGORY THOMPSON, LIEUTENANT STEPHEN LEAVINS, SERGEANT SCOTT CRAIG, SERGEANT MARICELLA LONG, DEPUTY GERARD SMITH, DEPUTY MICKEY MANZO, DEPUTY JAMES SEXTON, individually and in their official capacities, and DOES 1 through 10, inclusive,<br><br>   Defendants. | Case No.: 2:15-cv-02162 DDP(Ex)<br><br>(Hon. Dean D. Pregerson)<br><br>**DEFENDANT JAMES SEXTON'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**<br><br>**Action Filed:  March 24, 2015**<br><br>(Assigned to Magistrate Judge Charles F. Eick for all proceedings) |

TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:

Defendant JAMES SEXTION (hereinafter referred to as "answering defendant") answers the Complaint of Plaintiff ANTHONY BROWN and otherwise pleads as follows:

1. In answer to paragraph 1 of plaintiff's Complaint, answering defendant neither admits nor denies the allegations contained therein on the basis that the Complaint speaks for itself.

2. In answer to paragraph 2 of plaintiff's Complaint, answering defendant admits jurisdiction is proper but denies the remaining allegations because they require an interpretation of law.

3. In answer to paragraph 3 of plaintiffs Complaint, answering defendant admits venue is proper.

4. In answer to paragraph 4 of plaintiff's Complaint, answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies said allegations.

5. In answer to paragraph 5 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

6. In answer to paragraph 6 of plaintiff's Complaint, answering defendant admits that plaintiff is an individual that was in the custody of the County of Los Angeles Sheriff's Department during the time in question. Answering defendant denies the remainder of the paragraph based on lack of sufficient information and belief.

7. In answer to paragraph 7 of plaintiff's Complaint, answering defendant admits the allegations contained therein.

8. In answer to paragraph 8 of plaintiff's Complaint, answering defendant denies each and every allegation in said paragraph pertaining to this

answering defendant. This answering defendant has no information or belief as to other parties referenced in the paragraph, and on that basis denies said allegations.

9. In answer to paragraph 9 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

10. In answer to paragraph 10 of plaintiff's Complaint, answering defendant denies each and every allegation in said paragraph.

11. In answer to paragraph 11 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

12. In answer to paragraph 12 of plaintiff's Complaint, answering defendant admits that plaintiff so asserts but denies that any violation of rights occurred.

13. In answer to paragraph 13 of plaintiff's Complaint, answering defendant denies any conduct that subjected plaintiff to cruel and unusual punishment. Answering defendant admits that plaintiff was moved to different cells in the jail but denies the remaining allegations of the paragraph.

14. In answer to paragraph 14 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

15. In answer to paragraph 15 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

16. In answer to paragraph 16 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

17. In answer to paragraph 17 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

18. In answer to paragraph 18 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

19. In answer to paragraph 19 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

20. In answer to paragraph 20 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

21. In answer to paragraph 21 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

22. In answer to paragraph 22 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

23. In answer to paragraph 23 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

24. In answer to paragraph 24 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

25. In answer to paragraph 25 of plaintiff's Complaint, answering defendant denies that plaintiff was deprived of any such rights.

26. In answer to paragraph 26 of plaintiff's Complaint, answering defendant denies that plaintiff is so entitled.

27. In answer to paragraph 27 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

28. In answer to paragraph 28 of plaintiff's Complaint, answering defendant denies plaintiff is so entitled.

29. In answer to paragraph 29 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

30. In answer to paragraph 30 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

31. In answer to paragraph 31 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

32. In answer to paragraph 32 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

33. In answer to paragraph 33 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

34. In answer to paragraph 34 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

35. In answer to paragraph 35 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

36. In answer to paragraph 36 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

37. In answer to paragraph 37 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

38. In answer to paragraph 38 of plaintiff's Complaint, answering defendant neither denies nor admits the allegation contained in said paragraph because it does not apply to him.

39. In answer to paragraph 39 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

40. In answer to paragraph 40 of plaintiff's Complaint, answering defendant admits the allegations contained therein.

41. In answer to paragraph 41 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

42. In answer to paragraph 42 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

43. In answer to paragraph 43 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

44. In answer to paragraph 44 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

45. In answer to paragraph 45 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

46. In answer to paragraph 46 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

47. In answer to paragraph 47 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

48. In answer to paragraph 48 of plaintiff's Complaint, answering defendant admits that plaintiff so asserts but denies any violation of rights.

49. In answer to paragraph 49 of plaintiff's Complaint, answering defendant admits that he became aware that plaintiff was an informant but denies the remaining allegations contained in the paragraph.

50. In answer to paragraph 50 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

51. In answer to paragraph 51 of plaintiff's Complaint, answering defendant denies any retaliatory action against plaintiff. This answering defendant has no information as to the FBI's information or statements made to plaintiff and on that basis denies the allegations contained in the paragraph.

52. In answer to paragraph 52 of plaintiff's Complaint, answering defendant denies any retaliatory conduct.

53. In answer to paragraph 53 of plaintiff's Complaint, answering defendant denies any retaliatory conduct and denies that plaintiff suffered any damages.

54. In answer to paragraph 54 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

55. In answer to paragraph 55 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

56. In answer to paragraph 56 of plaintiff's Complaint, answering defendant denies the allegations contained therein.

57. In answer to paragraph 57 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

58. In answer to paragraph 58 of plaintiff's Complaint, answering defendant admits that plaintiff is so asserting but denies any such violations.

59. In answer to paragraph 59 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

60. In answer to paragraph 60 of plaintiff's Complaint, answering defendant lacks information or belief as to the allegation contained therein, and on that basis, denies them.

61. In answer to paragraph 61 of plaintiff's Complaint, answering defendant lacks information or belief as to the allegation contained therein, and on that basis, denies them.

62. In answer to paragraph 62 of plaintiff's Complaint, answering defendant neither denies nor admits the allegations contained in said paragraph because they do not apply to him.

63. In answer to paragraph 63 of plaintiff's Complaint, answering defendant lacks information or belief as to the allegation contained therein, and on that basis, denies them.

64. In answer to paragraph 64 of plaintiff's Complaint, answering defendant denies the allegations contained in said paragraph.

65. In answer to paragraph 65 of plaintiff's Complaint, answering defendant denies the allegations contained in said paragraph.

66. In answer to paragraph 66 of plaintiff's Complaint, answering defendant denies the allegations contained in said paragraph.

67. In answer to paragraph 67 of plaintiff's Complaint, answering defendant admits or denies the referenced paragraphs in the same manner as they were originally responded to.

68. In answer to paragraph 68 of plaintiff's Complaint, answering defendant admits that plaintiff so asserts but denying any such conspiracy.

69. In answer to paragraph 69 of plaintiff's Complaint, answering defendant denies any such conspiracy existed, and on that basis, denies the allegations contained in said paragraph.

70. In answer to paragraph 70 of plaintiff's Complaint, answering defendant denies the allegations contained in said paragraph.

71. In answer to paragraph 71 of plaintiff's Complaint, answering defendant denies the allegations contained in said paragraph.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's Complaint fails to state facts sufficient to constitute a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that his acts or omissions were discretionary, requiring personal deliberation, decision and judgment which were done honestly, reasonably and in good faith, and by virtue of which he is immune from liability.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the California Government Tort Claims Act.

### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, plaintiff's claims against answering defendant are barred as answering defendant has qualified immunity from the allegations set forth in plaintiff's Complaint.

///

///

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is a state official acting in his official capacity, and is therefore not liable for damages under title 42 U.S.C. § 1983.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges the Complaint, and each claim contained therein, is barred on the grounds that this answering defendant was not the cause in fact of any alleged damage, injury or loss to plaintiff, if any.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that the Complaint and the relief sought therein are barred by the Prison Litigation Reform Act (42 U.S.C. 1997 § et seq.).

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's Complaint, and each and every claim contained therein, and/or any amendments thereto, is barred by the applicable statute of limitations.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's alleged damages, if any, were caused by persons and/or entities other than this answering defendant who failed to exercise ordinary care, caution or prudence and were negligent in their dealing with plaintiff, and that at all times, said persons or entities were acting without consent, knowledge and/or ratification of this answering defendant.

///
///
///

**TENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable for injuries and damages, if any, which were the result of the exercise of the discretion vested in public officers and employees.

**ELEVENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred pursuant to the equitable doctrine of laches.

**TWELFTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff's Complaint, and each claim contained therein, is barred pursuant to the doctrine of unclean hands.

**THIRTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that plaintiff is estopped by his own acts or omissions from recovery against answering defendant for the claims asserted in the Complaint.

**FOURTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable by operation of California *Government Code* §§ 815.2(b) and 820.2, in that the injuries or damages, if any, were the result of the exercise of the discretion vested in public officers and employees.

**FIFTEENTH AFFIRMATIVE DEFENSE**

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable by operation of California *Government Code* §§ 815.2(b) and 820.4 for the execution or enforcement of the law by public officers or employees exercising due care.

///

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable for injuries and damages alleged by plaintiff by operation of California *Government Code* §§ 815.2(b) and 820.6.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable for injuries or damages alleged by plaintiff pursuant to statute by operation of California *Government Code* § 820.8 for the acts or omissions of others.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable for the failure to discharge a mandatory duty in that he exercised reasonable diligence in the discharge of all duties as provided by California *Government Code* § 815.6.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges he is not liable pursuant to statute by operation of California *Government Code* § 818.2 or 821 for the adoption or failure to adopt or enforce any law.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable pursuant to statute by operation of California *Government Code* § 818.8 or 822.2 for misrepresentations by employees.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that the plaintiff's claims are barred pursuant to California *Government Code* § 845.6, for the failure to furnish or obtain medical care.

///

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that the plaintiff's claims are barred by the failure of plaintiff to timely comply with the administrative claim provisions of California *Government Code* §§ 911.2, 945.4, 945.6, 950.2 and 950.6.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable pursuant to statute of operation of California *Government Code* § 855.6 for any alleged injuries.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, answering defendant alleges that he is not liable pursuant to statute by operation of California *Government Code* § 856.4 for the failure to admit a person to a public medical facility.

### PRAYER

WHEREFORE, this answering defendant prays that:

1. That plaintiff takes nothing by this action;

2. That answering defendant recovers his costs of defense incurred herein, including reasonable attorneys' fees; and

3. For such other costs and further relief as the Court deems just and proper.

Dated: March 5, 2021           SEKI, NISHIMURA & WATASE, LLP


By:     */s/ GILBERT M. NISHIMURA*
        GILBERT M. NISHIMUPA
        JANET L. KEUPER
        Attorneys for Defendant
        JAMES SEXTON

## **DEMAND FOR JURY TRIAL**

Defendant JAMES SEXTON hereby respectfully demands a trial by jury on all claims in the within action as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

Dated: March 5, 2021                    SEKI, NISHIMURA & WATASE, LLP

                                        By:   */s/ GILBERT M. NISHIMURA*
                                              GILBERT M. NISHIMUPA
                                              JANET L. KEUPER
                                              Attorneys for Defendant
                                              JAMES SEXTON

# PROOF OF SERVICE
## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA

<u>Brown, Anthony v. County of Los Angeles</u>
Case No.: 2:15-CV-02162 DDP (FFMx)

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is 605 W. Olympic Blvd., Suite 900, Los Angeles, California 90015.

On **March 5, 2021**, I served the document described as: **DEFENDANT JAMES SEXTON'S ANSWER TO PLAINTIFF'S COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on the plaintiff in the action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

Anthony Brown, Sr., #V-79273
Facility C
Mule Creek State Prison
P.O. Box 409060
Ione, CA 95640

/ XXX / (BY MAIL) I placed the envelope for collection and mailing on the date shown above, at this office, in Los Angeles, California, following our ordinary business practices.

I am readily familiar with the office's practice of collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in a sealed envelope with postage fully prepaid.

/XXX/ (FEDERAL) I declare under penalty of perjury that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on **March 5, 2021** at Los Angeles, California.

                                                                       */s/ STEPHANIE K. CHIN*
                                                                         Stephanie K. Chin